Arthur BARGAINER, a Minor, age seventeen, by Mattie Dean, his mother and next friend, Plaintiff,

v.

Raymond MICHAL, James D. Mackall, Edward Kovacic, Raymond J. Ressler and John E. Popovich, Defendants.

Civ. A. No. C 64-131.

United States District Court
N. D. Ohio, E. D.

Sept. 2, 1964.

Mosley, Willis & McLeod, Cleveland, Ohio, Charles E. Mosley, Jr., Cleveland, Ohio, of counsel, for plaintiff.

Philip Barragate, and Eugene Farley, Law Dept., City of Cleveland, Cleveland, Ohio, for defendants.

GREEN, District Judge.

This action was brought by plaintiff against five defendants, all members of the Cleveland Police Department. Jurisdiction is predicated upon 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1985(3), commonly referred to as the "civil rights" sections.

In the complaint it is alleged that:

"Defendants, while acting in their official capacities as police officers of the City of Cleveland, Ohio, deprived plaintiff of privileges and immunities guaranteed to every citizen of the United States, including plaintiff, by Amendments IV, V, VIII and Section 1 of Amendment XIV of the Constitution of the United States * * * "

The substance of the complaint, in brief summary, is that the defendants perpetrated an unprovoked and unjustified attack upon the plaintiff, and subsequently caused false and fraudulent charges to be lodged against him with the Juvenile Court of Cuyahoga County, Ohio, in order to "cover up" the attack upon the plaintiff.

Defendants have moved for dismissal of the complaint. In support of the said motion it is contended:

1) that the complaint fails to set forth a claim upon which relief can be granted;

2) the Court lacks jurisdiction over the subject matter of the action.

It is defendants' basic contention that:

If all of the facts in the Plaintiff's Complaint are taken as true, the alleged conduct of the defendants constitutes an assault and battery pursuable in the State Court, under the State Laws and not in Federal Court.

Defendants also assert that the facts pled do not set forth a conspiracy among the defendants.

The Court has given careful consideration to plaintiff's complaint, and has concluded that insofar as setting forth a cause of action under 42 U.S.C.A. § 1983 is concerned, the complaint is sufficient to withstand the motion by defendants.

The United States Supreme Court has had occasion to consider § 1983 in recent years. In Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) the Court was confronted with the question of whether a pleading which alleged facts showing an unreasonable search, accompanied by excessive force, followed by an unlawful detention by state police officers, stated a cause of action under 42 U.S.C.A. § 1983. In that action it

was also alleged that it was the custom of the police officials to hold prisoners on "open" charges for the purpose of inducing incriminating statements and as punishment without judicial trial.

In the course of the Monroe opinion the majority adopted the language of United States v. Classic, 313 U.S. 299, 325, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941) wherein it was said:

"Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action taken 'under color of' state law."

In reversing the order of dismissal of the complaint entered by the District Court, the Supreme Court held that 42 U.S.C.A. § 1983 was "meant to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position," Monroe v. Pape, supra, 365 U.S. at 172, 81 S.Ct. at 476.

Since the Supreme Court's decision in Monroe, various circuits have had occasion to pass upon complaints under § 1983 alleging violations of constitutional rights by police officials.[1] The view generally taken by the courts is well summarized in the following statement from Stringer v. Dilger, 313 F.2d 536, 541 (CA 10, 1963):

"The Civil Rights Act, of course, was not enacted to discipline local law-enforcement officials * * * Nevertheless, local law-enforcement officials are subject to civil liability under § 1983 in cases involving deprivations, under color of state law, of rights guaranteed by the Constitution and laws of the United States and particularly by the due process clause of the Fourteenth Amendment."

The Court of Appeals for this circuit has passed upon actions under the Civil Rights Sections both before and after Monroe.

Brown v. United States, 204 F.2d 247 (CA 6, 1953) was an action under the criminal sections, 18 U.S.C.A. §§ 242, 371, the said sections being correlative to the civil remedies under 42 U.S.C.A. § 1983.[2] The Court stated therein:

"The United States Constitution protects rights guaranteed by the Fourteenth Amendment * * * These rights include * * * the right not to be arrested by an officer acting arbitrarily without cause and for an ulterior purpose." 204 F.2d p. 249.

Subsequent to the Monroe decision our Court of Appeals spoke on the meaning and intent of 42 U.S.C.A. § 1983, stating:

"This statute is aimed at reprehensible action on the part of the defendant in the civil action authorized by it. 'Misuse' of power and 'wrongdoer' were the terms used by the [Supreme] Court in the Classic case, supra, and repeated in Monroe v. Pape." Striker v. Pancher, 317 F.2d 780, 784 (CA 6, 1963).

It will be noted that in Brown v. United States, supra, the Court spoke of the requirement of an ulterior purpose, whereas this language is not contained in Striker v. Pancher, supra. The question is thus posed whether this element is necessary to properly plead and prove a claim under § 1983.

The decision of the Supreme Court in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), gives little guidance on this point. The question of principal concern to the Court in that decision was whether the police action was "under color of law." The complaint, however, did contain allegations that the actions of the police were for the purpose "of inducing incriminating statements" and "punishing them by imprisonment

---

1. An excellent post-Monroe decision discussing many of the relevant decisions in this area was entered by Senior District Judge Weinberger in Beauregard v. Wingard, 230 F.Supp. 167 (D.C.S.D.Cal., 1964).

2. The criminal statute contains an element of "wilfulness" not found in the civil statute. Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961).

without judicial trial." Monroe v. Pape, supra, p. 204, 81 S.Ct., p. 493.

This question of purpose was raised in Beauregard v. Wingard, 230 F.2d 167, (D.C.S.D.Cal.1964). After considering several decisions on the issue, the Court concluded that the existence of an ulterior motive or bad purpose bore heavily in establishing a claim under 42 U.S.C.A. § 1983. Although the question of purpose was not specifically raised in Striker v. Pancher, 317 F.2d 780 (CA 6, 1963), the Court of Appeals in considering the proper application of 42 U.S.C.A. § 1983 cited eight cases, seven of which were criminal actions requiring proof of a specific purpose and the eighth being a civil action in which it was alleged that the police action was taken with a purpose to deprive the plaintiff of certain rights.

This Court is in agreement with the statement of Judge Weinberger in Beauregard v. Wingard, supra, that:

> "In determining what constitutes lack of 'due process' we think that 'motive' should and does bear heavily in cases under Section 1983, 42 U.S.C.A., where police officers are involved, though specific intent to deprive a person of a specific constitutional right need not be present." 230 F.Supp. p. 183.

The Court is of the opinion that all the relevant criteria enunciated by the authorities herein considered are present in the complaint in this action, when construed most favorably to plaintiff.

Had the plaintiff alleged merely a beating by the police officers, and no more, defendants' contention that a simple assault and battery was set forth would present a most difficult question to resolve. But when the complaint sets forth that the defendants not only physically abused plaintiff, but thereafter utilized their status as police officers to have him charged and confined to cover up their attack, a cause of action is stated under 42 U.S.C.A. § 1983. These facts set forth a misuse of the power of arrest, possessed by the officers by virtue of state

law and made possible only because the alleged wrongdoers were clothed with the authority of state law, Monroe v. Pape, 356 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961), thereby depriving plaintiff of his constitutional right not to be arrested by an officer acting arbitrarily without cause and for an ulterior purpose, Brown v. United States, 204 F.2d 247 (CA 6, 1953). See also Hardwick v. Hurley, 289 F.2d 529 (CA 7, 1961); Jackson v. Duke, 259 F.2d 3 (CA 5, 1958); Selico v. Jackson, 201 F.Supp. 475 (D.C.S.D.Cal.1962).

As the complaint states a claim under 42 U.S.C.A. § 1983, defendants' motion to dismiss the complaint must be denied.

This Court, however, is troubled by another aspect of the complaint.

In the complaint it is alleged that this Court has jurisdiction under both 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1985(3).

Section 1985(3) differs in its essentials from § 1983, and the same facts will not necessarily make out a cause of action under both provisions. 42 U.S.C.A. § 1985(3) pertains to conspiracies, and an essential element of § 1985(3) is that the defendants have a specific purpose of depriving another of the equal protection of the laws or of equal privileges and immunities under the laws, Cohen v. Norris, 300 F.2d 24, 27 (CA 9, 1962).

In the complaint here under consideration there are no factual allegations pertaining to the formulation of a conspiracy, nor of the activities of the five defendants in regard thereto. The only mention of any conspiracy in the complaint is in the following context. After alleging that defendants generally, without specifying whether some or all, attacked plaintiff, the complaint recites:

> "Having thus completely subdued plaintiff, the defendants, *still conspiring together* and acting under color of their authority as police officers of the City of Cleveland, Ohio, and without just cause or provocation, *and while proceeding to*

*carry out their conspiracy* to further deprive plaintiff of the privileges and immunities guaranteed to him as a citizen of these United States by the sections of the United States Constitution hereinafter set forth * * * [continued to physically abuse plaintiff]." (Emphasis added.)

It is the Court's opinion that this vague and general reference to a conspiracy is inadequate, and coupled with the absence of any allegations of specific intent to discriminate, is insufficient to state a claim under 42 U.S.C.A. § 1985(3).

A notably similar set of circumstances is found in Selico v. Jackson, 201 F.Supp. 475 (D.C.S.D.Cal.1962). In the complaint in that action 42 U.S.C.A. § 1985(3) was set forth as a jurisdictional basis. In passing thereon, the Court stated:

"In the case at bar, plaintiffs have in no manner suggested the existence of any conspiracy of any type whatsoever. In addition, however heinous may have been the actions of defendants, there is no suggestion of any purposeful discrimination which is an essential element of a denial of equal protection of the laws; nor is the right to be free from unlawful arrests, detentions and beatings by state police officers a right pertaining to national, as opposed to state, citizenship." 201 F.Supp. p. 476.

In the Court's opinion, the above commentary is equally applicable to the case at bar.

It cannot be ascertained from the allegations of the complaint as it now reads whether all five defendants participated in the unlawful conduct giving rise to the claim under § 1983, and also there appears to be a question as to whether some of the defendants, not active participants in the alleged unlawful conduct, were joined as parties to the so-called conspiracy under § 1985(3).

This Court shares the concern stated in Selico v. Jackson, supra, regarding subjecting police officers to the inconvenience and unpleasantness of a civil suit on the basis of vague allegations. See also Cohen v. Norris, 300 F.2d 24, 33 (CA 9, 1962).

While this Court believes that police officers, like all other citizens, must be held to answer for their wrongs, a complaint alleging violations of their public trust should be sufficiently explicit so that its validity and applicability might be tested at the first opportunity. By so doing, the best interests of all will be served, including the interest of the public, which has a great stake in seeing that the police do not abuse their power and, conversely, that the police are not harassed in carrying out their duties by being subjected to unwarranted law suits.

It is the Court's opinion that the five defendants cannot be expected to answer to the complaint as it now stands. Therefore, although denying defendants' motion to dismiss, the Court will also consider it as a motion for more definite statement.

It is hereby ordered that plaintiff shall within thirty days hereof file an amended complaint in accordance with this Memorandum.