Nathaniel **DENMAN** and Jack Graiver

v.

William **WERTZ** et al., Nathaniel A. Denman, Appellant.

No. 15976.

United States Court of Appeals Third Circuit.

Argued Jan. 9, 1967.

Decided Feb. 9, 1967.

Rehearing Denied March 27, 1967.

Joseph Lurie, Philadelphia, Pa., for appellant.

Robert E. Dauer, Asst. City Sol., Pittsburgh, Pa. (David Stahl, City Sol., Pittsburgh, Pa., on the brief), for appellees Fred Schoettle, A. J. Larkin and E. N. Johnson.

Craig J. Stockdale, County Solicitor's Office, Pittsburgh, Pa. (Maurice Louik, County Solicitor, Pittsburgh, Pa., on the brief), for appellee K. Brown.

Before HASTIE, GANEY and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This appeal presents the question whether a complaint states a cause of action under the Civil Rights Acts of 1861 and 1871, R.S. §§ 1979, 1980, 42 U.S.C. §§ 1983, 1985. The complaint, drafted by a layman, charges various persons with a conspiracy to take the minor children of the plaintiff Denman from him and to surrender them to their mother, his estranged wife, from whom the plaintiff had taken them a short time before. The defendants are two Pittsburgh police officers and an Allegheny County probation officer who, acting in their official capacities, apprehended and detained the Denman children in Pennsylvania while they were en route from Ohio to Massachusetts in the custody of a friend of their father. The father had taken the children from their mother in Ohio and the Pennsylvania authorities surrendered them to her.

Beyond being prolix and inartificial, the complaint is inadequate as a statement of a claim under the old Civil Rights Acts. While counsel, retained after the filing of the action, have made every effort to bring their client's averments within the statutes in question, we have concluded that the facts alleged are insufficient to establish that Denman himself was deprived of "any rights,

privileges, or immunities secured by the Constitution and laws" of the United States or "of the equal protection of the law, or of equal privileges and immunities under the laws", as those limiting phrases are used in the controlling statutes.

The judgment will be affirmed.