**Mitchell TYREE, a minor, b/n/f W. B. Tyree, and W. B. Tyree, Individually**

**v.**

**Russell SMITH et al.**

**Civ. A. No. 6205.**

United States District Court
E. D. Tennessee, N. D.

May 1, 1968.

James W. Chambers, Chambers, Fain, Gill & Webb, Knoxville, Tenn., for plaintiffs.

George W. Morton, Jr., Earl S. Ailor, Robert Ray, Poore, Cox, Baker & McAuley, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

There are several motions before the Court. The motions raise four questions: (1) Is W. B. Tyree, the father of Mitchell Tyree, entitled to damages for the alleged deprivation of constitutional rights of his son; (2) is an action for malicious prosecution within the scope of Title 42 U.S.C. § 1983;[1] (3) may plaintiff, W. B. Tyree, recover for attorneys fees and other expenses incident to the investigation and defense of the criminal action brought by defendants and expenses in bringing the present action; and (4) does the complaint show a conspiracy among the defendants.

A father has no standing to sue for the deprivation of civil rights of his children. Denman v. Wertz, 372 F.2d 135 (3 Cir. 1967). Armstrong v. Board of Education of City of Birmingham, Ala., 220 F.Supp. 217 (D.C.1963).

In the case of Krum v. Sheppard, 255 F.Supp. 994 (D.C.1966), the Court said:

"* * * When one is deprived of his civil rights, it is clear that the injury is to his person and that he is the only one who has standing to sue." p. 997.

The motion as to W. B. Tyree, suing individually for the deprivation of his son's constitutional rights, must be sustained.

Monroe also moves to strike certain allegations in the complaint which purport to base the cause of action on malicious prosecution. This motion is overruled. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495.

The foregoing cases do not specifically mention the action of malicious prosecution as included in 42 U.S.C. § 1983. However, under the broad averments in plaintiff's complaint of intentional misuse of power by the officers, it would seem that 42 U.S.C. § 1983 is broad enough to provide a remedy. Rue v. Snyder, 249 F.Supp. 740 (D.C.1966).

In the case of Beauregard v. Wingard, 230 F.Supp. 167 (D.C.1964), the Court said:

"There is no question that an arrest by State officers without warrant, without probable cause, not with a purpose of enforcing the law, but with an ulterior motive, is an arrest without due process. Imprisonment by said officers pursuant to such arrest is likewise without due process. When acting under 'color of law' in accomplishing the deprivations above stated, the officers have accomplished a violation of Section 42 U.S.C.A. § 1983." p. 185.

In the case of Nesmith v. Alford, 318 F.2d 110 (5 Cir. 1963), the petitioner was arrested while meeting with a group of Negroes in Montgomery, Alabama. The Court pointed out that since Monroe v. Pape, supra, "* * * violation of some of the Civil Rights of these Plain-

---

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

tiffs was established as a matter of law." (p. 124)  One of the rights was the freedom from unlawful arrest.  The Court pointed out further:

"* * *  [T]here are some actions which, *although not so as a matter of law, might yet be found by the jury to be a violation of Civil Rights * * *"* (Emphasis added.)  p. 125.

Further:

"* * *  Thus, for example, the commencement and prosecution of unfounded criminal prosecution might under certain circumstances constitute, not only malicious prosecution under the state law (see Part IV), but a violation of Civil Rights as well." p. 126.

▪ Motive plays an important part in cases brought under 42 U.S.C. § 1983. In the case of Bargainer v. Michal, 233 F.Supp. 270 (D.C.1964), the Court said:

"Had the plaintiff alleged merely a beating by the police officers, and no more, defendants' contention that a simple assault and battery was set forth would present a most difficult question to resolve.  But when the complaint sets forth that the defendants not only physically abused plaintiff, but thereafter utilized their status as police officers to have him charged and confined to cover up their attack, a cause of action is stated under 42 U.S.C.A. § 1983.  These facts set forth a misuse of the power of arrest, possessed by the officers by virtue of state law and made possible only because the alleged wrongdoers were clothed with the authority of state law, Monroe v. Pape, 256 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), thereby depriving plaintiff of his constitutional right not to be arrested by an officer acting arbitrarily without cause and for an ulterior purpose, * * *

"As the complaint states a claim under 42 U.S.C.A. § 1983, defendants' motion to dismiss the complaint must be denied."  p. 273.

See: Selico v. Jackson, 201 F.Supp. 475 (D.C.1962).

▪ It appears from the complaint that the first attempt to obtain a warrant was unsuccessful and that the second proceeding has not terminated. This makes the action for malicious prosecution premature.  But for the reasons hereafter, stated, this does not require a dismissal.

▪ In 54 C.J.S. Malicious Prosecution § 2, at page 953, the annotator makes the following statement:

"* * *  Although there is authority to the contrary, it has been held that the original proceeding must have been terminated before either action will lie [malicious prosecution and malicious arrest], and that if, after a criminal process is sued out without probable cause, the warrant is dismissed or not followed up, the remedy is for malicious arrest; but, if the action is carried on to a prosecution, an action for malicious prosecution is the exclusive remedy * * *"

But the label of the action as stated in the complaint is not controlling under the Federal Rules of Civil Procedure. See Rules 2, 3, and 8(a), F.R.C.P.

In Aktiebolaget Bofors v. United States, 90 U.S.App.D.C. 92, 194 F.2d 145 (1951), the Court said:

"Even though a tort claim was not stated in the complaint, we should determine whether its allegations set up any other cause of action, for the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states * * *" p. 148.

This case was cited with approval in United States v. Louisville and Nashville Railroad Co., 221 F.2d 698 (6 Cir. 1955).

In United States v. White County Bridge Commission, 275 F.2d 529 (7 Cir. 1960), the Court said:

"The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed "* * * un-

less it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' * * *

\* \* \* \* \* \*

"* * * The theory of the complaint is to be determined by its main and material allegations * * * A pleading is judged by its substance and not its form * * *" p. 535.

In Curacao Trading Co., Inc. v. William Stake & Co., Inc., 2 F.R.D. 308 (D.C.1941), the Court said:

"The defendant asserts that the complaint is bad because the precise theory upon which plaintiff bases its right to recovery is not clear. The theory of the pleading is not required * * * The Rules of Civil Procedure require only that the complaint set forth the grounds upon which the various claims for relief depend so that the issues are clear and the defendant enabled to prepare his answer * * *" pp. 308, 309.

■ It would, therefore, appear that even if malicious prosecution is not the correct label for plaintiff's action, the grounds set forth in the complaint, if established by proof, are sufficient for relief.

■ The action is also brought under 42 U.S.C. § 1985(3).[2] The requirements for an action under this section are:

(1) A conspiracy by the defendants,

(2) For the purpose of depriving plaintiff of equal protection of the laws,

(3) A purposeful intent to discriminate,

(4) Action by defendants under color of state law or authority,

(5) Injury to plaintiff as a result. Colon v. Grieco, 226 F.Supp. 414 (D.C.1964).

■ The mere allegation of the five requirements are insufficient to state a cause of action based on a conspiracy. In Bargainer v. Michal, supra, the Court said:

"* * * this vague and general reference to a conspiracy is inadequate, and coupled with the absence of any allegations of specific intent to discriminate, is insufficient to state a claim under 42 U.S.C.A. § 1985(3)." 233 F.Supp., p. 274.

In Powell v. Workmen's Compensation Bd. of State of New York, 327 F.2d 131 (2 Cir. 1964), the complaint contained some general allegations framed in broad language closely paralleling 1983 and 1985(3). However, the Court said:

"* * * But plaintiff was bound to do more than merely state vague and conclusionary allegations respecting the existence of a conspiracy. It was incumbent upon him to allege with at least some degree of particu-

**2.** "(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

larity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy * * *" p. 137.

In Hoffman v. Halden, 268 F.2d 280 (9 Cir. 1959), the Court said:

"* * * The real question is whether or not the second amended complaint, in addition to the general allegations referred to above, sets forth with certainty facts showing particularly what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged, and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff." p. 295.

■ The complaint charges that defendants conspired to deprive plaintiff Mitchell Tyree of equal privileges and immunities under the federal constitution and in violation of 42 U.S.C. § 1985(3). This is a conclusional averment. There is no averment of fact purporting to show a conspiracy. For this reason, the motion of the members of the Knox County Board of Education to dismiss must be sustained. No member of the Board participated in the alleged wrongs set out in the complaint. No member was present at the time the alleged wrongs occurred.

In sum, the Court holds: (a) That W. B. Tyree cannot recover damages for deprivation of constitutional rights of his minor son. Neither can he recover expenses for investigation and costs of defending the criminal suit against his son, nor expenses for bringing the present action. (b) That although the allegations in the complaint are labeled an action for malicious prosecution, they are broad enough to state a cause of action against the defendants Smith, Catlett, Cunningham, Doyle, Monroe, Shephard, Weaver, and Weaver's surety, Western Surety Company, under Title 42 U.S.C. § 1983. The motions of these defendants to dismiss are, therefore, denied. (c) That the complaint fails to state a cause of action against the members of the Knox County Board of Education and their motion to dismiss is sustained.