Ronald BORCHLEWICZ, Plaintiff,

v.

Vincent PARTIPILO, George Reshel, Ronald Weiskirch and Darrell Heinzen, et al., Defendants.

No. 67-C-313.

United States District Court
E. D. Wisconsin.

June 14, 1968.

Ronald Borchlewicz, pro se.

John J. Fleming, City Atty., Milwaukee, Wis., for defendants.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

The plaintiff, Ronald Borchlewicz, has commenced this civil rights action pro se and in forma pauperis. He seeks money damages against certain police officers of the Milwaukee police department and other unnamed police officers of the West Allis police department. The case is presently before the court on the defendant Darrell Heinzen's motion to dismiss for failure to state a cause of action under 42 U.S.C. § 1983. The complaint alleges several violations of the plaintiff's constitutional rights, including illegal search and seizure, illegal arrest and false imprisonment, denial of right to counsel, and unnecessary delay before being brought before a magistrate. The complaint further alleges that the defendants conspired, under color of law, to deprive the plaintiff of these federally protected rights.

The complaint charges that Mr. Heinzen, an officer of the Milwaukee police department, made a report to his department in which he stated that he observed the plaintiff in the vicinity of South 74th and West Oklahoma Avenue in Milwaukee at approximately 10:30 A.M. on January 6, 1967, acting in a suspicious manner. The complaint states that the plaintiff "was conducting his business in broad daylight." The complaint continues:

> "That as a result of the * * * report by * * * Darrell Heinzen, the defendants Vincent Partipilo, George Reshel, Ronald Weiskirch, together with other unnamed officers of the West Allis Police Department did conspire * * * to invade the plaintiff's apartment * * * That the said defendants did commence to * * * interrogate the plaintiff * * * as to what right the plaintiff had to be in a privately owned automobile, on a public street, at 10:30 A.M. in the morning, in broad daylight.

> "That the said defendants * * * being unable to sustain any grounds for the plaintiff's aforesaid presence in the vicinity of South 74th Street and West Oklahoma Avenue, did willfully * * * in an attempt to justify their invasion of the plaintiff's apartment, did then and there commence to badger * * * and interrogate the plaintiff * * * regarding an alleged armed robbery committed at a Sentry Food Store * * * a matter completely unrelated to the original purpose for the invasion * * * of the plaintiff's apartment, in an effort to justify their presence, and when the defendants possessed a detailed description of the alleged robber that in no way matched the appearance of the plaintiff, nor the plaintiff's automobile."

The complaint further states that the plaintiff was held in the apartment, in

**542**

a state of false imprisonment, for over two hours; that an arrest was made subsequent to a search and seizure; that the plaintiff was held at various police stations without being permitted to contact his attorney; that he was forced to appear in a police line-up; and that he was finally brought before a magistrate 16 hours later and charged with possession of burglar tools as a result of the items seized over his objections at the apartment. The plaintiff avers that the defendants were unable to substantiate that he robbed the food store.

■ With respect to the alleged participation of Darrell Heinzen in this transaction, the complaint is insufficient to assert a claim under the civil rights act. The factual contents of the report to the police department are not alleged other than in the conclusory fashion as set forth above. The plaintiff has offered no facts to establish the complicity of Mr. Heinzen in the "conspiracy" other than Mr. Heinzen's report of the plaintiff's "suspicious activities". It is not alleged that Mr. Heinzen participated in any way in the arrest or in the other allegedly illegal acts committed against the plaintiff. A civil rights complaint requires factual allegations, not conclusions or broad generalizations. Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967); Birnbaum v. Trussell, 347 F.2d 86 (2d Cir. 1965).

It does not appear from the face of the complaint that Mr. Heinzen did anything more than make the report to the police department; this alone would not be a violation of the plaintiff's constitutional rights. As stated in Nesmith v. Alford, 318 F.2d 110 at page 127 (5th Cir. 1963):

"As to the defendant Eiland, we think the trial Judge acted properly in granting his motion for directed verdict. On the day in which the arrests were made, Eiland was acting in his capacity as Desk Captain. He received a call to the effect that trouble might be brewing, and, as was customary, he assigned an officer to investigate. Up to that point he infringed none of the rights of the Plaintiffs."

■ The plaintiff has requested that Mr. Heinzen's motion be denied on the grounds that the motion was made before such defendant filed his answer. Under rule 12(b), Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim may be made before service of a responsive pleading.

■ The plaintiff also claims that he did not receive notice of the motion to dismiss until he received the defendant's brief on the motion. The record indicates that the notice of motion was received at the Wisconsin state prison wherein the plaintiff is incarcerated on November 22, 1967. However, if the notice to the plaintiff was tardy, there has been no showing that the plaintiff has been prejudiced thereby. On several occasions, this court has granted Mr. Borchlewicz extensions of time in which to respond to the defendant's brief.

In my judgment, the plaintiff has failed to state a claim under § 1983 against the defendant, Heinzen, and the motion to dismiss must be granted.

Accordingly, it is ordered that the motion to dismiss as to the defendant, Darrell Heinzen, be and hereby is granted.