Rose VALLEY and Clayton T. Aiudi, Plaintiffs,

v.

John P. MAULE, George Paradis, the Sessions Clock Company, Harry A. Miller, and City of Bristol, Defendants.

James INGALLS and Pauline Ingalls, Plaintiffs,

v.

John P. MAULE, George Paradis, Jon T. Minella, the Sessions Clock Company, Harry A. Miller, and City of Bristol, Defendants.

Civ. A. Nos. 12554, 12556.

United States District Court
D. Connecticut.

Dec. 26, 1968.

Herbert Watstein, Watstein & Watstein, Bristol, Conn., for plaintiffs.

Ralph G. Elliot, Alcorn, Bakewell & Smith, Hartford, Conn., for Sessions Clock Co. and Harry A. Miller, defendants.

Louis F. Hanrahan, Corp. Counsel, Bristol, Conn., for all other defendants.

### RULING ON DEFENDANTS' MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT

CLARIE, District Judge.

The defendants, Sessions Clock and Harry A. Miller have moved for alternative relief to dismiss for failure to state a claim upon which relief can be granted, for lack of subject-matter jurisdiction, pursuant to Rules 12(b) (6) and 12(b) (1), Fed.R.Civ.P. and for summary judgment. These two suits were brought against certain members of the police department of the City of Bristol, the municipality itself, The Sessions Clock Company and its managing agent, Harry A. Miller, under 42 U.S.C. §§ 1983 and 1985. Jurisdiction is predicated on 28 U.S.C. § 1343, and they seek damages for alleged violations of their constitutionally guaranteed civil rights.

While the motions concern separate actions, they involve the same parties, raise the same issues and have been treated together by the parties. The Court will rule upon them accordingly. Both complaints are dismissed without prejudice, for failure to state a claim upon which relief can be granted, with leave to amend.

In the Third Count of each complaint, Sessions Clock and Harry A. Miller are charged with having conspired with certain named defendants to deprive the plaintiffs of the civil rights, privileges, and immunities guaranteed them under the United States Constitution. Such a deprivation of rights, if substantiated, may be redressed under either 42 U.S.C. § 1983 or § 1985. However, in order to state a cause of action for conspiracy under the Civil Rights Statutes, certain pleading requirements must be met. Birnbaum v. Trussell, 371 F.2d 672 (2d Cir.1966).

"A complaint in a case like this must set forth facts showing some intentional and purposeful deprivation of constitutional rights. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). This complaint does contain some general allegations,

framed in broad language closely paralleling that used in Sections 1983 and 1985(3), that defendants successfully conspired to deprive plaintiff of his rights. But plaintiff was bound to do more than merely state vague and conclusionary allegations respecting the existence of a conspiracy. It was incumbent upon him to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Powell v. Workmen's Compensation Bd. of State of New York, 327 F. 2d 131, 137 (2d Cir.1964).

*Powell* was quoted and followed in Birnbaum v. Trussell, 347 F.2d 86, 89 (2d Cir.1965), where the plaintiff-doctor alleged that he had been dismissed from a New York City hospital for racial reasons. The Court held that although the District Court had subject-matter jurisdiction, the complaint failed to state a cause of action because it was improperly pleaded. *See also*, Spampinato v. M. Breger & Co., 270 F.2d 46 (2d Cir. 1959); Israel v. City Rent & Rehabilitation Admin., 285 F.Supp. 908 (S.D.N.Y. 1968); Lombardi v. Peace, 259 F.Supp. 222 (S.D.N.Y.1968); Negrich v. Hohn, 379 F.2d 213 (3d Cir.1967); Bargainer v. Michal, 233 F.Supp. 270 (N.D.Ohio 1964); Tyree v. Smith, 289 F.Supp. 174 (E.D.Tenn.1968); Borchlewicz v. Partipilo, 44 F.R.D. 540 (E.D.Wis.1968); CORE v. Commissioner, Social Security Administration, 270 F.Supp. 537 (D. Md.1967); Sinchak v. Parente, 262 F.Supp. 79 (W.D.Pa.1966). On the importance of overt acts in a civil conspiracy, see Hoffman v. Halden, 268 F.2d 280, 295–296 (9th Cir.1959).

■ To properly state a cause of action for conspiracy under the Civil Rights Acts, the plaintiff must satisfy two pleading requirements: (1) plaintiff must specify with "at least some degree of particularity" the overt acts which defendants allegedly engaged in; (2) plaintiff must set forth facts showing a purposeful discrimination in the deprivation of constitutional rights.

This has traditionally been the rule under § 1985. Hoffman v. Halden, *supra*, 268 F.2d at 292; Tyree v. Smith, *supra*; Huey v. Barloga, 277 F.Supp. 864, 871 (N.D.Ill.1967); Bargainer v. Michal, *supra*, 233 F.Supp. 273–274. However, the rule in *Powell* was not so limited. It was made applicable to any complaint alleging conspiracy—whether under 1985 or 1983. This rule is not inconsistent with Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). For cases following *Monroe*, but which did not involve conspiracy, see Pierson v. Ray, 386 U.S. 547, 555, 558, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Selico v. Jackson, 201 F.Supp. 475 (S.D.Cal. 1962). While *Monroe* held actions could be maintained without allegations of specific intent, the essence of a conspiracy, as alleged here, must be purposeful conduct. *See*, Hornsby v. Allen, 326 F. 2d 605, 611 (5th Cir.1964); Huey v. Barloga, *supra*, 277 F.Supp. at 870–871.

■ An examination of both complaints reveals that they are utterly devoid of any factual allegations which allege overt acts or a purposeful deprivation of rights.

■ Plaintiffs argue that in federal practice a complaint need not set forth detailed facts, that the Federal Rules of Civil Procedure adopt the theory of "notice pleading". See e. g. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As a general rule notice pleading is sufficient, but an exception has been created for cases brought under the Civil Rights Acts. The reason for this exception is clear. In recent years there has been an increasingly large volume of cases brought under the Civil Rights Acts. A substantial number of these cases are frivolous or should be litigated in the State courts; they all cause defendants—public officials, policemen and citizens alike—considerable expense, vexation and perhaps unfounded notoriety. It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate

claims. *Cf.*, *Powell*, *supra*, 327 F.2d at 137; Hoffman v. Halden, *supra*, 268 F. 2d at 295; Jemzura v. Belden, 281 F. Supp. 200, 205–207 (N.D.N.Y.1968); Bargainer v. Michal, *supra*, 233 F.Supp. at 274.

Defendants' motions to dismiss pursuant to Rule 12(b) (6), Fed.R.Civ.P., are granted without prejudice and with leave to file an amended complaint within twenty (20) days from this date. Birnbaum v. Trussell, *supra*, 347 F.2d at 90.

The Court does not at this time reach the question of whether it has subject-matter jurisdiction. Defendants' motions for summary judgment are denied as there are insufficient facts in the record to warrant the Court in making the requisite findings. So ordered.