**COMMONWEALTH OF PENN-
SYLVANIA**

v.

**Donald D. POWERS.**

Civ. A. No. 68-2474.

United States District Court,
E. D. Pennsylvania.

March 31, 1970.

Alan Gilbert Ellis, Philadelphia, Pa.,
for petitioner.

Arlen Specter, Dist. Atty., David Richman, Asst. Dist. Atty., County of Philadelphia, Philadelphia, Pa., for respondent.

OPINION

HIGGINBOTHAM, District Judge.

The petitioner, a defendant in a state criminal prosecution, has petitioned this court to remove the criminal proceedings now pending against him in the courts of the Commonwealth of Pennsylvania to the federal district court and to permanently enjoin those proceedings. He alleges that officers of the Commonwealth have violated his constitutional rights under the Civil Rights Act, 42 U.S.C. § 1981 et seq.

The state charges of assault and battery on police officers and resisting arrest now pending in state courts were allegedly instigated to prevent the peti-

tioner from filing criminal or civil actions against the allegedly assaulted police officers. The complaint avers that the two policemen charging petitioner with criminal assault in fact unlawfully, and apparently without any provocation, beat the petitioner during the course of a racial disturbance.

After being allegedly battered by the two officers, petitioner was taken into custody but released without formal charges purportedly because of the lack of any evidence of petitioner's participation in the racial disturbance. The following day the petitioner went to police headquarters to file a complaint against the two officers who had allegedly beaten him. More than four days later, when petitioner telephoned to inquire what disposition had been taken on his complaint against the two officers, he was informed by an officer that a warrant was being issued for his arrest.

Petitioner was released on nominal bail of one dollar and ordered to appear at a preliminary hearing after he had voluntarily appeared at the police station. Although petitioner and his counsel appeared at the appointed time the state's witnesses, including the officers allegedly assaulted were not present. The presiding magistrate denied petitioner's motion to dismiss the charges and granted a continuance to the government, over petitioner's strong objection. Furthermore, petitioner contends that his rights were denied when his counsel was not allowed to record electronically the proceedings.

Upon oral argument before this Court, petitioner's counsel conceded that the allegations of the complaint failed to meet the requirements for removal to federal court under 28 U.S.C. § 1443. That section allows for removal of a pending state criminal prosecution brought:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

But nonetheless, counsel for the petitioner maintained that this Court should enjoin the state prosecution on these same allegations. In fact Counsel's memorandum of law argues that the primary relief sought is an injunction.[1]

With petitioner's counsel concession that he is not entitled to removal on the basis of the allegations in the complaint,[2]

---

1. It is not entirely clear from the allegations of the complaint that the petitioner sought an injunction independently of his Petition to Remove the Criminal Proceedings. The complaint only requests in the last paragraph:

"WHEREFORE, petitioner prays your honorable court to remove the criminal proceedings now pending against him in the courts of the Commonwealth of Pennsylvania and to enjoin those proceedings permanently and to grant such relief as the Court deems proper under the circumstances."

But, over the strong opposition of the Commonwealth, and out of a desire to construe pleadings with the utmost liberality, the complaint was read as requesting an injunction against the Commonwealth of Pennsylvania under 42 U.S.C. § 1981 et seq.

2. The concession on the part of counsel for the petitioner was indeed a wise one since it is clear that his allegations failed to meet the test of the removal provisions. As noted in the leading case, which incidentally counsel for the petitioner failed to discuss in his memorandum of law:

"The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare

the issue posed in this case is whether these same allegations entitle the petitioner to equitable relief against the named defendant, the Commonwealth of Pennsylvania. The complaint does not challenge the constitutionality of the laws under which the petitioner is being prosecuted. Nor does the petitioner seek a declaratory judgment that any statute is invalid. The complaint alleges as its essential ground for relief that the petitioner is in fact innocent of any wrongdoing and that the criminal charges have been brought solely as retaliation against petitioner for complaining about the police misconduct, or to prevent him from instituting civil proceedings against the officers. Thus the apparent theory proposed by the plaintiff is that a bad faith application of an admitted valid statute by some state officers in a particular instance entitles the petitioner to a federal injunction against the state prosecution.

My examination of the cases cited by petitioner convincingly demonstrates that there is no case law supporting the proposed theory. The posture of this case is such, however, that a somewhat lengthier than usual explanation of the proposed theory is appropriate because the proposed basis for equitable relief goes to the essence of the administration of criminal justice in our federal system. It would indeed be surprising in this case if the petitioner were deemed entitled to an injunction after his concession that he is not entitled to removal to federal court on the same allegations. From a functional point of view, removal from state to federal court would mean that the underlying factual issues would be resolved by a federal court. In order to decide whether to issue a permanent injunction on the theory proposed by counsel for the petitioner, I would be required to hold a full hearing and re-

solve these same underlying facts of the petitioner's innocence or guilt. These very same issues are pending before the state courts. The results of the legal analysis of the cases cited by counsel prevents the petitioner from achieving by indirection through a permanent injunction what he admits he is not entitled to achieve through removal. Such a fundamental disruption in the relationship of federal and state courts in the administration of criminal justice should not be achieved through the niceties of labelling when the same fundamental facts are alleged and the same relief is sought.

The principal case relied on by the petitioner to support his theory is Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). That case held that a federal court may enjoin a state criminal prosecution where the statute under which the prosecution is threatened is unconstitutional on its face on the ground that the statute violates the First Amendment. Of course, the instant complaint contains no allegations of deprivation of any First Amendment freedoms by the chilling effect of an overly broad and vague state statute. Rather the petitioner relies more specifically on the following language extrapolated from the *Dombrowski* opinion:

"First, appellants have attacked the good faith of the appellees in enforcing the statutes, claiming that they have been invoked, and threaten to continue to invoke, the criminal process without any hope of ultimate success, but only to discourage appellants' civil rights activities. If these allegations state a claim under the Civil Rights Act, 42 U.S.C. 1983, as we believe they do, see Beauregard v. Wingard, 230 F.Supp. 167 (D.C.S.D.Calif.1964); Bargainer v. Michal, 233 F.Supp. 270 (D.C.N.D.Ohio, 1964), the interpreta-

situations where it can be clearly predicted by reason of the operation of a persuasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

State of Georgia v. Rachel, *supra* [384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed. 2d 925]." City of Greenwood, Mississippi v. Peacock, 384 U.S. 808, 827–828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944.

tion ultimately put on the statutes by the state courts is irrelevant \* \* \* [3] It would not alter the impropriety of appellees' invoking the statute in bad faith \* \* \*." 380 U.S. 490, 85 S.Ct. 1123.

It is indisputable that the plaintiffs in *Dombrowski* stated a cause of action against the defendants in that case under 42 U.S.C. § 1983.[4] The defendants in *Dombrowski* were state officials charged with prosecuting the state criminal laws under attack by the plaintiffs. These officers were the state governor, police and law enforcement agents, and the chairman of the state legislative investigative committee. Under the Supreme Court's interpretation of Section 1983, the individual police officers and other state officers would be liable civilly for their unconstitutional conduct. Monroe v. Pape, 365 U.S. 167, 175, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

But a significant difference between *Dombrowski* and the present case is the fact that the named defendant in this suit, the Commonwealth of Pennsylvania, is not amenable to suit under Section 1983. For it has been held that states are not persons within the meaning of Section 1983 and thus not amenable to suit. United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 (3d Cir. 1969). There can thus be no claim for which relief can be based against the state under Section 1983.

▪ The well-known holding of the non-amenability of suit of political subdivisions of a state or the state itself under Section 1983 places in proper pro-spective most of the other cases cited by the petitioner. One of the bases of creating a federally cognizable right to a civil recovery for damages or injunctive relief for deprivation of constitutional rights by persons clothed with the power of the state, but who misuse such power, was to deter individuals from applying laws unconstitutionally. The act was not designed to subject a state to civil liability for misfeasance, albeit of constitutional dimension, of its agents or officials. Viewed with this understanding of the purpose of the statute involved, the remainder of the cases cited by the petitioner are all cases where the defendants are state officials allegedly using their authority to deprive the plaintiffs of their constitutional rights. In none of these cases is the suit against the state directly.

Both Beauregard v. Wingard, 230 F. Supp. 167 (S.D.Calif.1964) and Bargainer v. Michal, 233 F.Supp. 270 (N.D. Ohio, 1964) (both cited with approval in the quoted portion of the *Dombrowski* opinion) are cases where police officials were sued for depriving the plaintiffs of their constitutional rights. In accord with that line of cases is Judge Fullam's opinion in Hughes v. Rizzo, 282 F.Supp. 881 (E.D.Pa.1968) where the defendants were the police chief and park officials. To the same effect are the cases of Lankford v. Gelston, 364 F.2d 197 (4th Cir. 1966); Gomez v. Layton, 129 U.S.App. D.C. 289, 394 F.2d 764 (1968); Washington Free Community Inc. v. Wilson, 426 F.2d 1213 (D.C.Cir.1969) where the courts of appeals have held that federal

---

3. The sentence omitted by petitioner's counsel connects the quoted portion to the facts of *Dombrowski*. That sentence reads: "For an interpretation rendering the statute inapplicable to SCEF would merely mean the appellants might ultimately prevail in the state courts." The whole tenor of the quoted language changes with the addition of the omitted sentence as will be demonstrated *infra*. Also the sentence omitted clearly demonstates that the instant matter is unlike *Dombrowski* since the petitioner does not attack any statute.

4. That provision provides:
"*Every person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit in equity, or other proper proceedings for redress." (emphasis added)

courts have the power to enjoin unconstitutional police practices.

In addition to containing the element of a complaint against police officers for their unconstitutional practices, other cases cited by petitioner involve either a request for declaratory judgment to determine the validity of a statute or the background of an unconstitutional statute. Carmichael v. Allen, 267 F.Supp. 985 (N.D.Ga.1947) is an example of the latter situation because the plaintiffs sought a declaration of invalidity of a statute and an injunction against the prosecuting officials where the statute had already been held unconstitutional by a three-judge federal court.[5] Landry v. Daley, 288 F.Supp. 200 (N.D.Ill. 1968) also involves a situation where the statutes had already been declared unconstitutional and an injunction against prosecuting officials was granted.

██ Petitioner's complaint is reduced to a bare claim for injunctive relief against the state under Section 1983. The general rule of Douglas v. City of Jeanette, 319 U.S. 157, 163, 63 S.Ct. 877, 881, 87 L.Ed. 1324 (1943) that equity courts do not ordinarily restrain criminal prosecutions govern this case. After Monroe v. Pape, *supra,* it is clear that Douglas v. City of Jeanette, *supra,* can no longer be read impliedly to mean that a municipality or a state is subject to suit under Section 1983, *fn.* 50, 365 U.S. 191, 81 S.Ct. 486. The petitioner has failed to state a claim for relief against the state whatever his right to recover from or to enjoin the police officers or other state officials. *Cf. Note,* "The Federal Injunction as a Remedy for Unconstitutional Police Conduct," 78 Yale Law Journal 143 (1968).

██ A case cited by the petitioner actually provides one illustration as to how the alleged gross misuse of state

power might be corrected upon direct appeal by a clear attack on the alleged retaliatory prosecution to prevent the petitioner from complaining against the police officers. If the state were to continue its request for continuances or attempt to nol prosecute the case, any subsequent prosecution is open to attack. Dixon v. District of Columbia, 129 U.S. App.D.C. 341, 394 F.2d 966 (1968). Mention is made of this case only to show that the petitioner is not being sent back to state courts without any hope of remedying the alleged injustices heaped upon him by various state officials.

But the facts necessary to establish such a claim of retaliatory prosecution should be developed in the state tribunals in the first instance. The Motion to Remand will be granted and the requests for injunctive relief will be denied.[6] These proceedings, long held in abeyance because of the attempt to have the federal courts intervene, should proceed in an orderly and expeditious fashion in the state courts with either a valid prosecution of the petitioner or his release.

---

5. As noted in that case a three-judge court in another federal district in Georgia, the Middle District, had recently held the statute unconstitutional. 267 F.Supp. 994.

6. The Motions to Quash the Subpoenas of the Police Commissioner, Frank L. Rizzo, and of the District Attorney, Arlen Specter are moot, since the disposition of this matter will not require the testimony of anyone.