**Francis J. WEBB, Plaintiff,**

v.

**Russell G. OSWALD, Commissioner of Correction, Dr. Alan D. Miller, Commissioner of Mental Hygiene, Defendants.**

**71 Civ. 2111.**

United States District Court,
S. D. New York.

Dec. 9, 1971.

Francis J. Webb, pro se.

Louis J. Lefkowitz, Atty. Gen., of New York, Frank I. Strom, II, Asst. Atty. Gen., for defendants Oswald and Miller.

GURFEIN, District Judge.

This is a motion by the defendants for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure.

The plaintiff *pro se* is a patient of Matteawan State Hospital. He was committed to that institution for the criminally insane on April 28, 1960 pursuant to a finding by a State Court Judge that he was "dangerously mentally ill" within the meaning of § 85 of the

Mental Hygiene Law, McKinney's Consol.Laws, c. 27. He brought this action on May 11, 1971, asking the Court to award him $150,000 because (1) he was refused proper therapy and counseling from the doctors at Matteawan and (2) he was not protected from homosexuality in the institution.

After the defendants filed and served an answer, the plaintiff filed a "Writ of Habeas Corpus" dated July 12, 1971 which appears instead to be a reply affidavit. In it the plaintiff complains of his failure to secure a writ of habeas corpus in the State courts. The pleading continues:

"I am not a dangerous person and even they failed to allow me to a civil hospital or to a legal prison to classify my case for legal action in behalf of my dissmissal [sic] and legal release."

The plaintiff submits no supporting papers.

On this motion for summary judgment the defendants attack the complaint on three grounds:

1. The plaintiff fails to comply with Fed.R.Civ.P.Rule 8(a) (1) requirement that every pleading which sets forth a claim for relief must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."

2. Even if jurisdiction exists under the Civil Rights Act, the plaintiff's conclusory allegations are insufficient to state a cause of action under 42 U.S.C. § 1983.

3. The plaintiff challenges the validity of his confinement with the ultimate object of obtaining his release. Therefore, this action is essentially a habeas corpus petition requiring exhaustion of State remedies which the plaintiff has not done. 28 U.S.C. § 2254(b).

### THE HABEAS CORPUS PETITION

The plaintiff's reply to the defendants' motion for summary judgment is nominally a petition for a writ of habeas corpus. On October 7, 1970 the plaintiff obtained a writ of habeas corpus in Supreme Court, Dutchess County. The writ was dismissed after a hearing on January 8, 1971. On October 26, 1971 the Appellate Division, Second Department dismissed an appeal from the Supreme Court's decision. It is not certain that the plaintiff has been served with notice of the dismissal or that he has applied to the New York Court of Appeals for leave to appeal. Even if the plaintiff has exhausted his appellate remedies the petition for a writ of habeas corpus must be denied for failure to allege or suggest that his custody violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a).

### THE COMPLAINT

■ On a motion for summary judgment the Court must look to the material undisputed facts. The plaintiff states only that he is deprived of proper therapy and counseling and that he is not protected from homosexuality. The defendants in their answer deny these allegations. The plaintiff offers no facts in opposition to the motion.

■ The papers are thus devoid of facts. The Court can only decide whether the complaint states a claim upon which relief can be granted. Jobson v. Henne, 355 F.2d 129, 131 (2 Cir. 1966). An action brought under the Civil Rights Act should not be dismissed if the plaintiff "might obtain relief on facts suggested, but inarticulately stated, by the complaint." United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 865 (2 Cir. 1970); see United States ex rel. Gittelmacker v. County of Philadelphia et al., 413 F.2d 84, 86, n. 3 (3 Cir. 1969), cert. denied, 396 U.S. 1046, 90 S. Ct. 696, 24 L.Ed.2d 691 (1970).

■ Lack of treatment or improper treatment by prison authorities, even where extensively documented, does not necessarily entitle the plaintiff to relief. United States ex rel. Hyde v. McGinnis, supra, 429 F.2d at 866. "Whether a complaint claiming failure to provide medical care is deemed to allege a denial of Fourteenth Amendment rights . . . or cruel and unusual punishment violating the Eighth Amendment . . . it must suggest the

possibility of some 'conduct that shocks the conscience,' . . . or 'barbarous act . . .' " (citing cases). Church v. Hegstrom, 416 F.2d 449, 450–451 (2 Cir. 1969).

The plaintiff's allegation that he was refused proper therapy and counseling fails to suggest even by fair implication the possibility of "shocking conduct" or "barbarous acts." United States ex rel. Hyde v. McGinnis, *supra*, 429 F.2d at 866. "A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983." Coppinger v. Townsend, 398 F.2d 392, 394 (10 Cir. 1968). That claim must, therefore, be dismissed for failure to state a claim under 42 U.S.C. § 1983.

The plaintiff also alleges that he is not protected from homosexuality in the institution.

There is nothing in the "complaint" but the bare allegation. That is not enough. Valley v. Maule, 297 F.Supp. 958 (D.Conn.1968).

The Court could never weed out the frivolous civil rights actions so as to allow sufficient judicial time for the serious civil rights actions which go to the essence of our belief in human rights and personal dignity, if it permitted conclusionary allegations without incident or overt act to withstand dismissal at the early stage.

Allowing the plaintiff to file an amended complaint may take even more judicial time, but the plaintiff is entitled to plead, with specific reference to incidents, his complaint that he was subjected to homosexual practices, because of the seriousness of the charge.

Since the answer states that the complaint fails to state a claim upon which relief can be granted I will treat the motion for summary judgment as a motion to dismiss under Rule 12(b) (6). The motion is granted without prejudice to the plaintiff amending the complaint within twenty (20) days from the date of his receipt of a copy of this memorandum.

So ordered.