**Edmund WINKLER, Plaintiff,**

v.

**Samuel W. PRINGLE and the Pennsylvania Railroad Company, a Corporation, Defendants.**

**Civ. A. No. 62–808.**

United States District Court
W. D. Pennsylvania.

Jan. 10, 1963.

Edmund Winkler, pro se.

Bruce R. Martin, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendants.

ROSENBERG, District Judge.

The plaintiff here was an unsuccessful plaintiff in a negligence action in the Court of Common Pleas of Allegheny County at No. 1227 January, 1958, where he was represented by his own counsel. Thereafter at No. 2180 April 1962, the plaintiff in propria personam filed a complaint in the same court by which he charged defendant's counsel, in the prior case, with making defamatory remarks, by which he was damaged. The defendant filed preliminary objections to this latter complaint in the nature of a demurrer. The preliminary objections were sustained by a court en banc, on the well reasoned opinion of Judge Aldisert. Edmund Winkler v. Samuel W. Pringle and The Pennsylvania Railroad Company, 110 P.L.J. 323 (1962). On September 4, 1962, plaintiff again in propria personam filed an appeal to the Supreme Court of Pennsylvania from the dismissal of this complaint in the Court of Common Pleas. As of this date that appeal is still pending.

The plaintiff's action here against the defendants is for the violation of his civil rights.[1] Defendants' motion for dismissal is based upon the reason that plaintiff's complaint does not set out a cause of action. The Court agrees with the defendant. In fact, it is obvious that under no circumstances can the plaintiff prevail upon the facts averred and as

---

1. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." XIVth Amendment, Section 1.

they appear of record. Since the plaintiff has incorporated in his complaint the proceedings had in the Common Pleas Court, they are here considered factually.

Plaintiff attempts to meet jurisdictional requirements as to diversity of citizenship by invoking the Civil Rights Act, 42 U.S.C.A. § 1981 et seq. Judge Maris of the Third Circuit Court discusses this question in Williams v. Yellow Cab Co. of Pittsburgh, Pa., 200 F.2d 302 at page 307 (3rd Cir.) (1952):

"It has long been settled that the Fourteenth Amendment is directed only to state action and that the invasion by individuals of the rights of other individuals is not within its purview. It necessarily follows that the jurisdiction conferred upon the federal district courts by Section 1343 is similarly limited and that redress for the invasion by an individual of the civil rights of another must be sought in the state courts, unless, of course, diversity of citizenship is present."

 Plaintiff does not argue or contend that any of the named parties in the above suit are anything but residents and domiciliaries of Pennsylvania. In seeking an avenue of entrance into a United States court, he asserts that the State court officials—judges, lawyers, sheriffs, tipstaffs, etc., both at the trial of the first case and on his motion before the court en banc in the second case conspired to deny him justice. While making these assertions, he does not aver a single fact upon which he can achieve his aim. His averments are based upon his own conclusions and to bolster these, he asks this Court to review the entire trial record and pass judgment on the decision rendered by the State court. There is no need to cite the numerous cases that hold that a United States district court will not act as a court of review simply because a party feels that the State courts have denied him his own predetermined remedy.

In all other respects, since Judge Aldisert succinctly explains and summarizes the law and rationale as to the rights, privileges and safeguards which were applicable in the actions of that court, it is obvious that the plaintiff has neither a bare cause of action nor any rights by which his complaint in this Court can be sustained. The motion of the defendants to dismiss will be granted.