**Edmund WINKLER, Appellant,**

v.

**Samuel W. PRINGLE and the Pennsylvania Railroad Company, a Corporation, Appellees.**

Third Circuit.

No. 14365.

United States Court of Appeals
Argued Oct. 17, 1963.

Decided Nov. 5, 1963.

Edmund Winkler, pro se.

Bruce R. Martin, Pringle, Bredin & Martin, Pittsburgh, Pa., for appellees.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

Appellant, a naturalized citizen and resident of Pennsylvania, sued the defendant railroad in the Court of the Common Pleas, Allegheny County, Commonwealth of Pennsylvania, for alleged personal injuries and property damage as a result of a collision between his automobile which he was driving and a train of the railroad. The other defendant, an attorney, represented the railroad in that action. The trial judge, while he thought that the plaintiff's " * * * case is very, very slim * * * " felt that " * * * the jury should pass on it." The jury did so and found in favor of the defendant railroad. Plaintiff in that trial claimed leg injuries as a result of the accident. In the course of the trial it appeared from plaintiff's testimony that his legs had also been damaged from treatment received by him while a prisoner in a Russian prison camp during the last war. The closing arguments of counsel, if they were taken stenographically, have never been transcribed. It is claimed by appellant that in the summation by defendant Pringle he referred to appellant as a "foreigner". Appellant's attorney, summing up in that suit, did refer to appellant's experience in a Russian prison camp. On a defense mistrial motion as to this, the trial judge, denying the motion, instructed the jury:

"I will say this to you twelve men and women—I believe in you, in all of you, and some experience that some litigant may have had in Rus-

sia hasn't any part in this case at all; and neither is there any prejudice against the railroad nor does it have any place in this case at all. This case is to be decided by you twelve folks, unanimously, upon the facts and circumstances that existed on July 14, 1956 and that alone. The question that you have to decide, as I see it, and I may as well say it now, is was the Railroad Company negligent, was Mr. Winkler contributorily negligent, was he negligent. That is all you have to decide."

There was no objection to the alleged language of the defense at the time uttered or thereafter in plaintiff's post trial motion. No appeal was taken from the judgment entered in favor of the defendant.

■■ Later appellant sued the railroad and its attorney in the state court for defamation arising out of the alleged above noted remark. The defense demurrer to that action was sustained, 110 Pittsburgh L.J. 323 (1962). The appeal to the Pennsylvania Supreme Court was dismissed for failure to prosecute. This suit based on the same ground followed, plaintiff claiming a violation of his rights under the Fourteenth Amendment and the Civil Rights Act. The defendant moved to dismiss, contending that no cause of action was stated, no jurisdiction and that the Pennsylvania Statute of Limitations, 12 P.S. §§ 31, 32, barred the claim. The district court granted the motion. It held that this was clearly a suit by an individual asserting an invasion of his civil rights by individuals for which remedy must be had in the state courts unless diversity of citizenship exists between the parties. The opinion went on to state "Plaintiff does not argue or contend that any of the named parties in the above suit are anything but residents and domiciliaries of Pennsylvania." The opinion further holds that in support of the bare assertion that the state court officials, including two of the three judges who comprised the court which dismissed the state defamation cause, conspired to deny appellant justice, appellant

" * * * does not aver a single fact upon which he can achieve his aim."

Our review of the entire record on file in this court satisfies us that the action of the district court was proper.

In the original negligence trial, appellant's suit was strongly attacked by the contentions that the proofs showed he had been at fault in the accident and that he had not been as badly hurt as contended. Any American citizen, as he is, in those circumstances might well have been exposed to an uncomplimentary view of his claim as presented by the other side. And so too with respect to the appellees' brief in this appeal. Appellant in his pro se brief does use violent language which appellees characterize as "scandalous". Appellant is upset about this but very largely brought it on himself. Nothing more need be said regarding it.

The judgment of the district court will be affirmed.