Edmund WINKLER, Appellant,

v.

Samuel W. PRINGLE and The Pennsylvania Railroad Company, Appellees.

Edmund WINKLER, Appellee,

v.

Samuel W. PRINGLE and The Pennsylvania Railroad Company

The Pennsylvania Railroad Company, Appellant.

Nos. 16757–16759.

United States Court of Appeals Third Circuit.

Argued Nov. 24, 1967.

Decided Dec. 20, 1967.

Edmund Winkler, pro se.

Norman J. Cowie, Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for appellants in No. 16758 and appellees in Nos. 16757 and 16759 (Pringle and Penna. Railroad Co.).

## OPINION OF THE COURT

Before HASTIE, FREEDMAN and VAN DUSEN, Circuit Judges.

VAN DUSEN, Circuit Judge.

These three appeals resulted from the filing on March 6, 1967, by appellant in Nos. 16757 and 16759 (hereinafter called petitioner) of a Petition for Renewal and Reopening of Proceedings instituted in the District Court in 1962 (a civil rights action filed as C.A. 62–808, W.D.Pa.), which had been finally determined by dismissal in 1964. See Winkler v. Pringle, 214 F.Supp. 125 (W.D.Pa. 1963), aff'd 324 F.2d 613 (3rd Cir. 1963), cert. den. 377 U.S. 908, 84 S.Ct. 1169, 12 L.Ed.2d 178 (1964). A brief in support of the petition was filed May 9, and on May 24, 1967, the District Court signed its order (supported by an opinion), denying this petition, from which the appeal in No. 16757 was filed.[1]

The above petition complains that the opinions dismissing the civil rights action in 1963 and 1964 did not pass on the merits of petitioner's complaint that the defendant-attorney attacked him as "a foreigner" (even though such attorney allegedly knew that he was a naturalized citizen), in a closing argument to the jury in a March 6, 1961, state court personal injury trial instituted by petitioner. It is too late to attack the rulings cited in the preceding paragraph which dismissed this civil action for lack of subject matter jurisdiction. See Silverman v. Constitution Life Insurance Company, 314 F.2d 944 (3rd Cir. 1963); 345 F.2d 177 (3rd Cir. 1965).[2] Cf. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Furthermore, such rulings are

1. Since petitioner had filed a brief and cited authorities in his petition, he cannot complain of the court's proper action in dismissing this petition on the record as it existed on May 24, 1967. This comment also applies to the order of June 21, 1967, mentioned below, since the document filed June 19 included a brief. However, it is preferable to give notice and grant an opportunity for oral argument if such is requested and nei-

ther party is confined in prison, even though the allegations of the petition are deemed to be admitted.

2. In this case, the court said:
"While we recognize his sincerity and determination, we think he has had full opportunity to present his various contentions. There must be an end to litigation even though a litigant continues to be dissatisfied with the outcome."

supported by this record.[3]  It is unnecessary to elaborate on the concern and interest which all Federal Courts have that all citizens, whether naturalized or not, be accorded the rights of citizenship equally.  As the Supreme Court of the United States has frequently pointed out, failure to apply "a constitutional guarantee" on the facts of any particular case does "not disparage [such guarantee] * * * in any manner."  See Johnson v. State of New Jersey, 384 U.S. 719, 728, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and cases there cited.

On June 19, 1967, petitioner filed in the District Court a document entitled Brief To Motion For Renewal (Document 23 in C.A. 62–808, W.D.Pa.), to which is attached a Motion For Issue of Subpoena and a Complaint.  This 13-page document citing authorities was treated as a Petition for Reconsideration of the above-mentioned order dated May 24, 1967, and, together with all requests and motions contained in it, was denied by order of June 21, 1967, from which order the Notice of Appeal docketed in this court as No. 16759 was filed July 19, 1967.  For the reasons stated above, the June 21 order, denying the application to reconsider the order dated May 24, 1967, to set a hearing on the Petition filed March 6, 1967, and to issue a subpoena directing the State Court judge to appear and testify to the statements made by the individual defendant in the State Court proceeding of March 6, 1961, must be affirmed.  Also, this order must be affirmed insofar as it denied the request in the above-mentioned complaint for "assignment of another judge * * * for further adjudication of the presented petition and complaint," since no valid reason for such a request was given in this document or appears in the entire record.[4]

On March 15, 1967, defendants filed in the above District Court action a motion requesting that petitioner be permanently enjoined from further litigating any of the issues in such action.  No answer to this motion was filed by petitioner and, without notice, oral or written argument, or hearing, the District Court filed an order (dated 6/2/67), on its own initiative, denying such motion for a permanent injunction, saying, inter alia, "no authority in law has been cited or exists for authorizing an injunction such as here requested and * * * this is not within the procedures as set forth under federal law or the Federal Rules of Civil Procedure, * * *."[5]  The corporate defendant has filed an appeal from such order, which is docketed as

---

3. None of the cases relied on by petitioner in either the District Court or in this court supports his contention that the Civil Rights Acts give the Federal Courts jurisdiction over this case, complaining of action by an attorney acting for a private corporation in defending a personal injury action in a State Court. See Williams v. Yellow Cab Co., 200 F.2d 302, 307 (3rd Cir. 1952). Although the complaint makes no such allegation, plaintiff's contention in his argument of 11/7/62 (pp. 27–29 of transcript—Document 10 in C.A. 62–808) that the state judges conspired or cooperated with the defense counsel who used the word "foreigner" is not supported by anything on the record. In fact, at page 32 of the transcript, petitioner said:

> "I wrote it in writing 'conspired' because I found this in my imagination, this was the point to prove a legal point.  I don't like to call it this way * * * I simply state what I didn't like."

As to the well recognized immunity of judges and judicial employees acting in their judicial capacity, see Henig v. Odorioso et al., 385 F.2d 491, 494 (3rd Cir. 1967) and cases there cited. Also, it is noted that more than "conclusory" allegations are required in a complaint under the Civil Rights Act. See Negrich v. Hohn, 379 F.2d 213, 215 (3rd Cir. 1967).

4. Also, it is noted that no affidavit or compliance with the second paragraph of 28 U.S.C. § 144 appears in the record.

5. Appellant cites to the contrary Silverman v. Constitution Life Insurance Company, 345 F.2d 177 (3rd Cir. 1965), where this court affirmed an order enjoining plaintiff "from further litigation of the matter in suit."

No. 16758.[6]  Since defendants were entitled to notice and, at least (the allegations of their motion not being denied), an opportunity to present written arguments by brief or memorandum, the order of June 2, 1967, must be set aside. See Swindell-Dressler Corporation v. Dumbauld, 308 F.2d 267, 273–274 (3rd Cir. 1962); Sims v. Greene, 161 F.2d 87, 89 (3rd Cir. 1947).

The orders of the District Court at Nos. 16757 and 16759 will be affirmed and the order at No. 16758 will be remanded for further proceedings in accordance with the foregoing opinion. Petitioner's Motion for Issue of Judgment, filed in all three appeals, will be denied.

6. Although the individual defendant originally joined in this appeal, he withdrew his Notice of Appeal, with District Court approval, on July 12, 1967.