463 F.2d 583
 Joseph MARNIN, Appellant,
v.
Warren PINTO, Superintendent of the New Jersey State Prison
Farm and Earnest Waldmeyer, Classification Officer
of the Classification Committee of the
New Jersey State Prison Farm.
 No. 71-1735.
 United States Court of Appeals,
 Third Circuit.
 Submitted April 14, 1972.
Decided June 28, 1972.
 
 Joseph Marnin, for appellant.
 Daly D. E. Temchine, Deputy Atty. Gen., Trenton, N.J., for appellees.
 Before McLAUGHLIN, VAN DUSEN and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This is an appeal from the order of the district court denying appellant's motion for summary judgment and granting respondents' cross-motion for the same.
 
 
 2
 Appellant is an inmate at Rahway State Prison and presently raises a civil rights action under 42 U.S.C.A. Secs. 1983, 1985 contesting the conditions and facilities existing in the prison, asserting also that these amount to cruel and unusual punishment in violation of his Eighth and Fourteenth Amendment rights. He questions further, the allegedly arbitrary denial of his chances to reduce time from his minimum and maximum sentence by not being chosen to serve in a less restrictive work detail set up for that purpose. Appellant is a third offender serving a six to eleven year term for armed robbery.
 
 
 3
 Marnin's complaint was dismissed by the district court because its allegations were held to be vague and conclusory and without foundation with respect to food, living conditions, and educational opportunities. Also, with respect to the claim of improper denial of opportunity to earn remission time, there was absolutely no attempt to exhaust administrative remedies, and in any event appellant had had a poor institutional record during an earlier period of incarceration which supported such denial. Each of his convictions had involved the commission of crimes with deadly weapons.
 
 
 4
 Appellant made blanket statements alleging bad food and miserable living conditions in the prison, but naked statements such as this do not ordinarily merit Federal court intervention. There were no specifics whatsoever alleged in the complaint which could merit a cause of action under 42 U.S.C.A. Secs. 1983, 1985 or the Eighth Amendment safeguards. As was held in similar circumstances, United States ex rel. Hoge v. Bolsinger, 311 F.2d 215 (3 Cir.1962), "The complaint fell far short of establishing a cause of action under Sections 1983 and 1985(2) of Title 42 U.S.C.A.; that no facts were alleged to support the conclusions of the complaint and that the questions raised are state matters, not federal." See also Negrich v. Hohn, 379 F.2d 213 (3 Cir.1966); Fletcher v. Hook, 446 F.2d 14 (3 Cir.1971). This complaint similarly makes no mention of any specific individual or incidents responsible, but merely that conditions and treatment were "worser (sic) than in ghetto areas" and foods were "not fit for human consumption." These allegations in no way meet the standards for a proper complaint and must fall to the vague and conclusory restrictions.
 
 
 5
 It is difficult to equate the treatment or conditions in this appeal with those that have been held violative of prisoner's Eighth Amendment rights. As was stated generally in Church v. Hegstrom, 416 F.2d 449, 451 (2 Cir.1969) we have in the past declined to find an Eighth Amendment violation unless the punishment suggests the possibility of some "conduct that shocks the conscience" or a "barbarous act." This makes necessary, "specific, exceptional circumstances outside the normal processes of prison administration." That sort of action is not indicated in this instance. We have had neither specific allegations nor facts which even approach the standard of improper treatment as designed in Church, supra. Appellant makes mention of cases which allow for a consideration of the totality of circumstances existing in a prison as a basis to determine cruel and unusual punishment. Holt v. Sarver, 309 F.Supp. 362 (E.D.Ark.1970). Although this seems a valid approach, it in no way seems to affect this appeal. The facts, as presented, in no sense are analogous to those in Holt, wherein much of the running of the prison was left to the discretion of a certain class of inmates called "trusties" and there was no meaningful rehabilitation program whatsoever. No such "trusty" system exists at Rahway and no particularly applicable factors were brought out by appellant such as to force the equating of the two instances. There were some rehabilitative and recreational programs available at Rahway, regular and law libraries do exist, and there is even a supplemental food store. Appellant discusses only the adequacy and acceptability of these facilities and thus it should not be considered under the Holt standard.
 
 
 6
 During the hearing before District Judge Lacey, testimony was adduced from three employees of Rahway State Prison who were in charge, basically, of the areas which are the basis of appellant's complaint. Appellant did not object to the testimony provided, and didn't offer any contra to that evidence. He did have the opportunity to cross-examine these witnesses, but in general, merely used it to argue with the facts they stated. It is difficult to base this on a lack of appellant's legal knowledge since he presently has at least three other actions pending, including one before the Supreme Court. He did complain about not being allowed to present witnesses in his own behalf (Transcript P 19) where he states "I wasn't allowed to call any witnesses sir. You (appellees) have witnesses. I wasn't allowed to call any." Where the complaint was defective on its face, it would not be necessary to consider the propriety and effect that the absence of witnesses for appellant might have had. It would be unnecessary to decide this point since the complaint obviously failed to state a claim upon which relief could have been granted, for reasons previously discussed. Nonetheless, it is evident from Judge Lacey's opinion and from the tone of Marnin's questions, that the testimony of the witnesses which appellant wished to bring into the courtroom would merely be pursuing the same area as that which had already been discussed by appellant himself. They would have provided no new evidence. The trial judge had heard appellant's testimony regarding food and sanitary conditions and took into his consideration what effect corroborating testimony of appellant's fellow inmates would have before reaching his reasoned decision. Appellant has presented these same issues in at least three other instances. This man has made incessant onslaughts on the courts on the same issues, in an apparent attempt to distort our system of justice. There was no practical reason for allowing or necessitating the appearance and testimony of these witnesses. Appellant has not then, been deprived of any chance at effectively presenting his complete contention. All that was necessary and essential to an accurate and proper conclusion was heard or considered by the trial judge.
 
 
 7
 Appellant also asserts that he was improperly denied the opportunity to earn "remission time," which is the shortening of the sentence by a certain number of days for each month spent in low security confinement. He would have it that this gives rise to a cause of action under 42 U.S.C.A. Sec. 1983 and also under the Fourteenth Amendment.
 
 
 8
 N.J.S.A. 30:4-92 deals with this issue of "remission time" and explains that it is based on situations where the record of an inmate warrants his classification as a minimum security risk, under which classification the time of his sentence would be reduced on a certain number of days per month served basis. This is a purely discretionary type area. The fact that a discretionary benefit has or has not been granted, does not of itself suggest that an appellant's rights have been unconstitutionally denied to him. Winkler v. Pringle, 324 F.2d 613 (3 Cir.1963), cert. denied 377 U.S. 908, 84 S.Ct. 1169, 12 L.Ed.2d 178 (1964). Clearly in this report also, appellant has not shown facts that would establish that he has a viable cause of action. That is, there was, here, a failure to state facts in support of broad and conclusory allegations contained therein. Negrich v. Hohn, 379 F.2d 213 (3 Cir. 1967). In the testimony that was taken from the Classification Committee head, Mr. Waldmeyer, he related that everything about a prisoner is taken into account in determining his request for minimum security confinement. There is no absolute standard. This appellant had a very bad committal record in an earlier period of confinement and a psychological report done at the beginning of Marnin's present sentence recommended non-placement of appellant in a minimum security situation. Although a prisoner does not lose all constitutional protection while confined, it has been held generally, that there should be federal court intervention into state prison affairs only under extreme provocation. Sostre v. McGinnis, 442 F.2d 178 (2 Cir.1971). This would necessitate an arbitrary or capricious decision to justify reconsideration which is plainly not the situation before us.
 
 
 9
 Furthermore, appellant has not exhausted all administrative remedies. The decision of the classification committee was appealable administratively to the Superintendent of the Prison, the Director of the Division of Correction and Parole, or the Commissioner of the Department of Institutions and Agencies. Therefore this appeal was not as of right pursuant to Rule 2:2-3(a) (2) of New Jersey Rules of Civil Procedure. McNeese v. Board of Education, etc., 373 U.S. 668, 672, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963) is not to the contrary, for as Judge Lacey stated in his opinion and we agree, it does not abolish the exhaustion requirement in each and every civil rights claim. See United States ex rel. Wakeley v. Commonwealth of Pennsylvania, 247 F.Supp. 7 (E.D.Pa.1965). It is evident that were the courts to act with regards to "remission time" in this sort of problem it could open an unending stream of litigation in which complaints are brought by inmates against varied decisions of prison officials. As was stated in Judge Lacey's opinion and in strong support thereof in Gurczynski v. Yeager, 339 F.2d 884 (3 Cir.1964):
 
 
 10
 "Discipline reasonably maintained in those prisons, is not under the supervisory direction of the federal courts. * * * There is nothing in the circumstances related to indicate any reasonable basis for interference with the state authority even though appellant's claim is under the guise of violation of his constitutional rights."
 
 
 11
 The judgment of the district court will be affirmed.
 
 
 12
 VAN DUSEN, Circuit Judge (concurring).
 
 
 13
 I concur in the result reached by the court because I agree with the majority opinion that Marnin has not made the specific type of allegations in his complaint and at the June 14 hearing that are required under 42 U.S.C. Secs. 1983 and 1985. However, I note that he appeared, at the hearing on June 14, 1971, on cross-motions for summary judgment, to be alleging and/or presenting evidence[1] on at least the following claims against the named officials at the New Jersey State Prison, Rahway:
 
 
 14
 (a) Serving of leftover foods, including frankfurters, from 350 gallon drums in the mess hall, from which inmates get ptomaine poisoning, N.T. 19.[2]
 
 
 15
 (b) Inadequate and unequal availability of recreational facilities. N.T. 28-29. The unequal availability of these inadequate facilities allegedly results from inadequate guards, so that certain inmates are permitted to monopolize what facilities are available.
 
 
 16
 (c) Mice, roaches and rats in "3 wing." N.T.31.
 
 
 17
 (d) Heat left on in the prison building even when the temperature is 80~ outdoors. N.T. 33.
 
 
 18
 (e) Inadequate and unconcerned guards for protection of inmates from other inmates, making the Rahway Prison "a very dangerous place" (N.T. 56-57) where inmates attack each other without restraint being exercised against the attackers by the guards. N.T. 59.
 
 
 19
 I believe that clear and detailed presentation of testimony or complaint allegations on these subjects would have made inappropriate the entry of the judgment from which this appeal is taken and would have entitled Marnin to the right to present witnesses, which he requested and was denied (N.T. 19).
 
 
 
 [1]
 See F.R.Civ.P. 15(b)
 
 
 [2]
 He also alleges use of bread as the dominant food content in meat loaf, hamburger, and similar items on the stated menus. N.T. 19