**UNITED STATES of America**

v.

**CITY OF PHILADELPHIA et al.**

Civ. A. No. 79–2937.

United States District Court,
E. D. Pennsylvania.

Dec. 13, 1979.

Drew S. Days, III, L. Michael Thrasher, Martha A. Fleetwood, Frederick S. Mittelman, Washington, D. C., Peter F. Vaira, John F. Penrose, William J. McGettigan, Howard D. Finkelstein, Philadelphia, Pa., for plaintiff.

Sheldon L. Albert, Stephen T. Saltz, Ralph J. Teti, John R. Padova, James E. Beasley, Ellen Q. Suria, Richard A. Sprague, Edward H. Rubenstone, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This is an action brought by the Attorney General of the United States seeking broad equitable relief against an alleged pattern of police brutality. On October 30, 1979, I issued an opinion and order dismissing most of the complaint's allegations for lack of standing. Included in the complaint, however, was the charge that the defendants had discriminated on the basis of race in the administration of federally funded programs. I concluded that the Attorney General did have standing to maintain a civil action for the purpose of preventing such discrimination, and I therefore retained jurisdiction over this one aspect of the complaint. *United States v. City of Philadelphia*, 482 F.Supp. 1248 at 1259 (E.D.Pa. 1979). This holding, however, was strictly limited to the standing issue, and did not address the sufficiency of the discrimination charges. Id., n. 12.

The defendants have now moved to dismiss the remainder of the complaint under Fed.R.Civ.P. 12(b) on the ground that the allegations of discrimination have not been plead with sufficient specificity. For the second time in this litigation, I am persuaded that the defendants' position is correct.[1]

As a threshold matter, plaintiff has accurately pointed out that a motion under Rule 12(b) is not timely at this juncture since an answer has already been filed. I will therefore treat the instant motion as one for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).[2] See *Local No. 1 (ACA) v. I. B. T., C., W. & H.*, 419 F.Supp. 263, 275 n. 15 (E.D.Pa.1976).

The rule is well established in this circuit that complaints in civil rights cases must be pleaded with factual specificity. Vague and conclusory allegations will not survive a motion to dismiss. Rather, the claim for relief must be supported by specific factual averments. *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978); *Rotolo v. Borough of Charleroi*, 532

---

1. Plaintiff has moved for an entry of final judgment under Fed.R.Civ.P. 54(b) as to the portion of the complaint dismissed by my order of October 30, 1979. It is not necessary for me to rule on this motion, however, since I am now dismissing the remainder of the complaint in its entirety.

2. I have already held that defendants should not be penalized for failure to file a timely motion to dismiss under Fed.R.Civ.P. 12(b). *United States v. City of Philadelphia*, supra, at n. 1.

F.2d 920, 922 (3d Cir. 1976); *Curtis v. Everette*, 489 F.2d 516, 521 (3d Cir. 1973), cert. denied, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Esser v. Weller*, 467 F.2d 949, 950 (3d Cir. 1972); *Marnin v. Pinto*, 463 F.2d 583, 584 (3d Cir. 1972); *Robinson v. McCorkle*, 462 F.2d 111, 114 (3d Cir.), cert. denied, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972); *Carr v. Sharp*, 454 F.2d 271, 273 (3d Cir. 1972); *Marcedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1972); *United States ex rel. Birnbaum v. Dolan*, 452 F.2d 1078, 1079 n. 1 (3d Cir. 1971); *Fletcher v. Hook*, 446 F.2d 14, 16 (3d Cir. 1971); *Moore v. Buck*, 443 F.2d 25, 26 & n. 1 (3d Cir. 1971); *Oliver v. Governor of Pennsylvania*, 442 F.2d 1347, 1348 (3d Cir.), cert. denied, 404 U.S. 1002, 92 S.Ct. 570, 30 L.Ed.2d 555 (1971); *Gaito v. Ellenbogen*, 425 F.2d 845, 849 (3d Cir. 1970); *Kauffman v. Moss*, 420 F.2d 1270, 1275–76 & n. 15 (3d Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Winkler v. Pringle*, 387 F.2d 380, 382 n. 3 (3d Cir. 1967); *Negrich v. Hohn*, 379 F.2d 213 (3d Cir. 1967); *Mayberry v. Somner*, 480 F.Supp. 833, 836 (E.D.Pa.1979); *Trader v. Fiat Distributors, Inc.*, 476 F.Supp. 1194, 1197–98 (D.Del. 1979); *Kedra v. City of Philadelphia*, 454 F.Supp. 652, 675 (E.D.Pa.1978); *Valley v. Maule*, 297 F.Supp. 958, 960–61 (D.Conn. 1968), quoted with approval in *Kauffman v. Moss*, supra, 420 F.2d at 1276 n. 15.

The Third Circuit is not alone in requiring civil rights complaints to be plead with factual specificity. See *Cohen v. Illinois Institute of Technology*, 581 F.2d 658, 663 (7th Cir. 1978), cert. denied, 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979); *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976); *Anderson v. Sixth Judicial District Court*, 521 F.2d 420, 421 (8th Cir. 1975); *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620, 622–23 (2d Cir. 1972), cert. denied, 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973).

■ The present complaint does not satisfy this pleading standard. Most of the complaint is devoted to describing the policies and practices of defendants which are alleged to promote brutality in violation of the rights secured to *all* persons by the Constitution and civil rights laws of the United States. All of these allegations were dismissed by my order of October 30. We are now concerned *solely* with the charge that defendants have discriminated on the basis of race in the administration of federally funded programs. The substance of the charge is contained in part of a single paragraph of the complaint. There it is alleged that "through these practices, policies, and procedures [set forth in paragraphs 29 through 42], persons within Philadelphia have been unlawfully subjected to discrimination on the grounds of race, color or national origin, and/or have been excluded on these grounds from participation in and/or receiving benefits from" federal financial assistance distributed under various federal statutes. See Complaint, ¶ 48.

This charge amounts to nothing more than the naked allegation that the defendants are guilty of racial discrimination in administering federal funds used to help run Philadelphia's police department. Plaintiff has set forth almost no factual averments to support this charge.

In paragraphs 29 through 42, the complaint describes the policies, practices, and procedures which are said to foster police brutality in Philadelphia. Thus, for example, the plaintiff cites the unnecessary use of deadly force, the physical abuse of prisoners, the forceful extraction of confessions, and the conduct of illegal searches and seizures. Moreover, it is alleged that the police department fragments abuse investigations, suppresses evidence that might inculpate police officers, accepts implausible explanations of abusive conduct, and harasses complainants and witnesses. For the most part, however, there is no mention of racial discrimination in the pursuit of these improper practices. For example, there is no allegation that unwarranted arrests are made more frequently or that illegal searches and seizures occur more often with one race than with another.

In the few instances where discrimination is at least alleged, the necessary factual averments are still missing. Thus, para-

graph 34(e) charges that investigations of police shootings and prisoner complaints are conducted by the Homicide and Detective divisions rather than by the Internal Affairs Bureau, resulting in a conflict of interest which prevents these investigations from being handled in an objective and expeditious manner. It is then alleged that "[t]hese two categories of alleged abuses (i. e., shootings and abuse of prisoners) contain an overwhelming preponderance of black and Hispanic persons, whereas other categories of alleged abuses do not." Thus, the complaint charges that the defendants discriminate in investigating shootings and prisoner complaints. Conspicuously absent, however, are any supporting factual allegations as to when this may have occurred, who the victims of the discrimination are, and who the persons responsible might be. Defendants cannot be expected to answer charges made in a factual vacuum.

It is also interesting to note that paragraph 34(e) actually excludes the existence of discrimination from all categories of allegedly abusive conduct other than shootings and prisoner complaints. "These two categories of alleged abuses contain an overwhelming preponderance of black and Hispanic persons, *whereas other categories of alleged abuses do not."* (emphasis added). This part of the complaint, then, although lacking in factual specificity, confines the charges of racial discrimination to incidents involving shootings and prisoner complaints. That allegation is contradicted, however, by the averment in paragraph 48 (equally lacking in factual specifics), which asserts that through *all* the practices, policies, and procedures referred to in the complaint, persons in Philadelphia have been excluded from participation in and/or receiving benefits from federally funded programs on the grounds of race, color, or national origin. Even the most perceptive defendant may wonder just what it is he is alleged to have done in connection with which aspect of what practice, policy, or procedure that is alleged to be discriminatory in some unspecified way as to some type of participation by unnamed persons in federally funded programs. I would not know

what to tell him, nor would anyone else from a reading of this complaint.

The point is that this complaint provides the defendants with no factual basis at all for the charges to which they are expected to respond. While the complaint charges the existence of a pattern of discrimination, it is completely devoid of any framework as to time, place, or manner. Moreover, there has not even been an attempt to connect any individual defendant with any particular act of discrimination. In summary, it is clear to me that this complaint falls far short of the specific fact pleading standard which the Third Circuit imposes in civil rights cases.

Of course, it might fairly be argued that this is not, strictly speaking, a "civil rights case." Certainly, in its present posture, the case does not arise under the Civil Rights Acts. Rather, this action, as limited by my opinion and order of October 30, 1979, is one brought under various federal funding statutes for the purpose of preventing discrimination in the administration of federal funds. On this ground, the present suit might be distinguished from the long line of decisions by the Court of Appeals for the Third Circuit cited above.

■ Despite this apparent distinction, however, I hold that the specific pleading requirement espoused in the above-cited cases should be applied here. First, it is clear that this action is one whose purpose is to enforce the civil rights guaranteed by the Constitution. I see no reason to alter the pleading requirements simply because the remaining claims are brought under statutes other than the Civil Rights Acts. The purpose of the action is still to prevent an alleged infringement on civil rights.

More importantly, the policy considerations which underlie the specific pleading rule are particularly applicable in this case. These considerations have been explained as follows:

> In recent years there has been an increasingly large volume of cases brought under the Civil Rights Acts. A substantial number of these cases are frivolous or

should be litigated in the State courts. They all cause defendants—public officials, policemen and citizens alike—considerable expense, vexation and perhaps unfounded notoriety. It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate claims.

*Valley v. Maule*, 297 F.Supp. 958, 960–61 (D.Conn.1968), quoted with approval in *Kauffman v. Moss*, 420 F.2d 1270, 1276, n. 15 (3d Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

It cannot be doubted that this case presents an enormous potential for causing "public officials, policemen and citizens alike—considerable expense, vexation and perhaps unfounded notoriety." Quite natu-

rally, this case has generated a great deal of publicity. At stake are the reputations of numerous individual defendants, some prominent and some obscure, as well as the public image of the entire Philadelphia Police Department. Surely, such a case demands specificity of pleading. If the charges contained in the complaint are frivolous, they should be dismissed at the earliest possible stage. On the other hand, if there is genuine substance to these serious allegations of racial discrimination, the public interest requires a speedy and expeditious adjudication. Specificity of pleading is essential if these important goals are to be served.[3]

Certainly a requirement of specificity works no hardship on the plaintiff. This is no more than the courts of the Third Circuit require of a prisoner, uncounselled and unl-

---

**3.** The plaintiff submits that the specific pleading rule is not applicable here because this case is akin to earlier "pattern or practice" actions brought both by the government and by private class action plaintiffs. It is argued that "[t]he specific pleading requirement has not been applied in cases of this nature." In support of this proposition, the government cites such cases as *Commonwealth of Pennsylvania v. O'Neill*, 348 F.Supp. 1084 (E.D.Pa.1972), and *United States v. City of Philadelphia*, No. 74–400 (E.D.Pa.). These cases, however, do not support plaintiff's argument.

First, the question of specificity was not an issue in either of those litigations. The reported decision by Judge Fullam in *Commonwealth of Pennsylvania v. O'Neill*, supra, 348 F.Supp. at 1084, does not deal with any challenge to the complaint based on specificity grounds. Similarly the docket entries in *United States v. City of Philadelphia*, supra, pending before Judge Weiner, do not disclose any attack on the complaint charging a lack of specificity. There are obvious difficulties with relying on cases as authority for a proposition they do not address.

Second, the complaints in those cases simply do not support the notion that pattern or practice suits are exempt from the Third Circuit's specific pleading requirement. *Commonwealth of Pennsylvania v. O'Neill* is a class action employment discrimination suit brought against the Philadelphia Police Department by a number of persons who applied unsuccessfully for positions as police officers. The complaint specifies the practices challenged and it describes at length the impact of these practices on plaintiffs and the class they represent. Thus, for example, defendants are advised by the complaint of the proportion of black people in the population as opposed to the proportion

employed by the police department. Also specified is a dramatic drop in the percentage of black recruits over the preceding four years. The complaint then goes on to identify the specific hiring practices and criteria which are allegedly discriminatory. It also specifies the particular individual plaintiffs who were discriminated against by each of the challenged practices. This degree of specificity is considerably greater than that found in the complaint now before me.

Similarly, specific allegations can be found in the complaint of *Bolden v. Pennsylvania State Police*, 73 F.R.D. 370 (E.D.Pa.), a class action, pattern or practice employment discrimination suit brought on behalf of minorities. This complaint traces minority employment history back as far as 1905, and provides specific percentages for each of the five years preceding the filing of the complaint. It identifies the hiring and promotion policies that are allegedly discriminatory. Finally, the complaint makes specific allegations regarding the discrimination to which the named plaintiff was subjected.

The complaint in *United States v. City of Philadelphia*, supra, No. 74–400, is admittedly less specific than the two described above. It does, however, identify with particularity the policies and practices challenged. By contrast, the complaint before me, as discussed earlier, is quite contradictory as to which of the defendants' policies and practices are alleged to be discriminatory. Moreover, No. 74–400 is accompanied by a companion case, *Brace v. City of Philadelphia*, No. 74–339 (E.D.Pa.). This suit contains more specific allegations as to the discrimination suffered by the named plaintiff.

earned in the law with no investigators and only the most modest of legal resources, who brings a civil rights action. See, e. g., *Gray v. Creamer*, 465 F.2d 179, 182 n. 2 (3d Cir. 1972); *Mayberry v. Somner*, 480 F.Supp. 833, 836 (E.D.Pa.1979). The complaint in the instant case was signed by six government lawyers, including the Attorney General himself. Plaintiff's counsel have at their disposal the vast resources of the United States Department of Justice and have made no secret that the filing of their complaint was preceded by an eight-month investigation. Although their intent is not free of doubt, they appear to have charged the City of Philadelphia and 20 of its highest ranking officials with a particularly damaging form of discrimination. Surely it is not too much to ask that such a charge be plead with factual specificity: exact reference to events, dates, times, places, and individual defendants. This has not been attempted, much less accomplished. I conclude, therefore, that the remaining charges in this case must be dismissed in all respects for failure to plead with specificity.

In keeping with the instructions of the Court of Appeals, the plaintiff shall be given a reasonable opportunity to file an amended complaint. See *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 923 (3d Cir. 1976). This opportunity for amendment, however, extends only to those aspects of the case dismissed for lack of specificity. Plaintiff may not replead any of the allegations dismissed for lack of standing by my opinion and order of October 30, 1979, since that dismissal was based on jurisdictional grounds.