Walter J. EGAN, Plaintiff,

v.

Martin E. CONCINI, Jr., et al., Defendants.

Civ. No. 83–1795.

United States District Court,
M.D. Pennsylvania,
Third Circuit Division.

Feb. 28, 1984.

Peter T. Campana, Williamsport, Pa., for plaintiff.

Leonard R. Apfelbaum, Jay M. Apfelbaum, Sunbury, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

The plaintiff filed the above-captioned civil rights action on December 12, 1983, naming as defendants two members of the Northumberland Borough Police Department and the Borough itself. The defendants have moved to dismiss for failure to state a claim upon which relief can be granted. Alternatively, the defendants ask the court to strike a claim for punitive damages and to strike one of the paragraphs contained within the complaint on the ground that it contains immaterial, impertinent or scandalous matter. For the reasons set forth below, the court will enter an Order granting the motion to dismiss unless the plaintiff files a *factually-specific* amended complaint within fifteen (15) days.

## DISCUSSION

According to the allegations contained in the complaint, "[o]n October 28, 1983, the Defendant, Martin E. Concini, Jr., procured and caused the arrest of the Plaintiff in the County of Northumberland ... upon a warrant charging the Plaintiff with robbery, criminal conspiracy to commit robbery, and aiding another in the commission of a crime." *See* Complaint ¶ 6, Document 1 of the Record. Defendant Ray, it is alleged, was the acting police chief at the time and directed defendant Concini, one of his officers, to make the arrest. *Id.* ¶ 7. The plaintiff asserts that on November 9, 1983, all of the charges were dismissed by a magistrate during a preliminary hearing on the ground that the evidence presented was insufficient. *See id.* ¶ 8. Finally, the plaintiff alleges that he was not guilty of the charges, "has always behaved himself" and, essentially, was victimized by the defendants' malice in that the charges were filed "without just or reasonable cause of any kind." *See id.* ¶¶ 9–12. The complaint contains a demand for compensatory and punitive damages.

The defendants' motion to dismiss is grounded, *inter alia*, upon the fact that the plaintiff was arrested pursuant to a warrant. The defendants argue that "[t]here can be little dispute that no liability attaches to law enforcement officials who execute a valid arrest warrant." Brief in Support of Defendants' Motion at 6, Document 6 of the Record (quoting *Druckenmiller v. United States*, 548 F.Supp. 193, 194 (E.D.Pa.1982)); *accord, Buskirk v. Seiple*, 560 F.Supp. 247, 250 (E.D.Pa.1983). Although conceding that plaintiff has asserted that the warrant was obtained maliciously and without a showing of proximate cause, the defendants argue that not "a

single fact" has been pleaded which would support the plaintiff's "conclusory" assertions. *See* Brief in Support of Defendants' Motion at 6.

■ Relying upon Rule 8 of the Federal Rules of Civil Procedure, the plaintiff responds that he is only required to set forth a generalized statement of facts providing sufficient notice for the defendants to frame a responsive pleading. *See* Plaintiff's Brief in Opposition at 6, Document 8 of the Record. The plaintiff's statement of the law is plainly incorrect, for the court is entitled to demand "that a civil rights complaint contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs." *Ross v. Meagan,* 638 F.2d 646, 650 (3d Cir.1981) (per curiam). This requirement is not designed to frustrate civil rights litigation through the use of technicalities. *See Kauffman v. Moss,* 420 F.2d 1270, 1275–76 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970). On the contrary, the demand for factual specificity is based upon substantive concerns. The policy supporting this doctrine was stated in *Valley v. Maule,* 297 F.Supp. 958 (D.Conn.1968) and endorsed by the Third Circuit in *Kauffman v. Moss,* 420 F.2d at 1276 n. 15:

> As a general rule notice pleading is sufficient, but an exception has been created for cases brought under the Civil Rights Acts. The reason for this exception is clear. In recent years there has been an increasingly large volume of cases brought under the Civil Rights Acts. A substantial number of these cases are frivolous or should be litigated in the state courts; they all cause defendants—public officials, policemen and citizens alike—considerable expense, vexation and perhaps unfounded notoriety. It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate claims.

*Id.* (quoting *Valley v. Maule,* 297 F.Supp. at 960). It is clear, then, that the courts demand factual specificity so that the substance of the claim might be evaluated.

It is particularly appropriate to apply this standard of pleading in the present case, for it appears undisputed that an arrest warrant was obtained prior to the plaintiff's arrest. While it is unclear from the complaint, it appears that plaintiff may be attempting to allege some irregularity in the procurement of the warrant. This, of course, calls into question the integrity of the defendant police officers. Naturally, the public image of the Northumberland Borough Police Department is at stake here. "Surely, such a case demands specificity of pleading. If the charges contained in the complaint are frivolous, they should be dismissed at the earliest possible stage. On the other hand, if there is genuine substance to these serious allegations, ... the public interest requires a speedy and expeditious adjudication. Specificity of pleading is essential if these important goals are to be served." *United States v. City of Philadelphia,* 482 F.Supp. 1274, 1278 (E.D.Pa.1979), *affirmed,* 644 F.2d 187 (3d Cir.1980). Given that this court imposes the requirement of pleading with specificity upon prisoners proceeding *pro se,* it certainly is not unreasonable to ask that the same standard of pleading be met here by one who has retained trained counsel. *United States v. City of Philadelphia,* 482 F.Supp. at 1278–79; *accord, United States v. City of Philadelphia,* 644 F.2d 187, 205 (3d Cir.1980); *see, e.g., Stackhouse v. Marks,* Civil No. 82–0734 (M.D.Pa., Apr. 21, 1983); *Maduro v. United States of America, Bureau of Prisons,* Civil No. 83–0622 (M.D.Pa., May 16, 1983) (Conaboy, J.).

■ As a general rule, a complaint will survive scrutiny under this standard of pleading if it sets forth (1) the particular conduct violating the plaintiff's rights, (2) the time, (3) the place and (4) those responsible. *See Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978). When a complaint contains these four descriptive elements, the court will be able to "weigh the substantiality of the claim." *Boykins v. Ambridge Area School District,* 621 F.2d 75, 80 (3d Cir.1980). Additionally, in order to hold a supervisor liable for an isolated incident under § 1983, it is insuffi-

cient merely to show that the defendant is the superior of the person who actually committed the illegal or unconstitutional act. *See, e.g., Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). Before allowing a plaintiff to maintain suit against a supervisory official, the courts require that the complaint state that the defendant actually participated in or had actual knowledge of and acquiesced in the event forming the basis of the claim. *Id.* Thus, a complaint will be dismissed if it names a supervisor as a defendant and sets forth only the theory that as "supervisor" he is "responsible" for what occurs. In order to survive scrutiny, the complaint must state that the defendant actually participated in or approved of the alleged illegal conduct. Moreover, the plaintiff must state the facts supporting the conclusion that the defendant was personally involved.

After carefully reviewing the plaintiff's complaint under this standard of factual specificity, the court concludes that the claims advanced are not specific enough to go forward. Accordingly, the defendants' motion to dismiss is meritorious. However, the court is required to permit the plaintiff the opportunity to file an amended pleading which contains factually specific allegations. *Ross v. Meagan*, 638 F.2d at 650.

An appropriate Order will enter.