Raymond D. FEATHERMAN

v.

A.S. DiGIACINTO, James Onembo, Mark Seymore and Ralph Fennel.

Civ. A. No. 84–471.

United States District Court, E.D. Pennsylvania.

Aug. 13, 1985.

Raymond D. Featherman, pro se.

Karl H. Kline, Easton, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Raymond Featherman, plaintiff, was an inmate of Northampton County Prison, Easton, Pennsylvania, when on January 19, 1984, he was involved in a verbal confrontation with corrections officer Ralph Fennell, which led to the filing of a misconduct report. A disciplinary hearing was conducted as a direct result of the misconduct report and plaintiff was placed in administrative segregation for fifteen days. Plaintiff alleges that the procedure at the hearing and the conditions of his administrative segregation constituted a concerted and systematic effort on the part of defendants to deny plaintiff his First, Sixth, Eighth and Fourteenth Amendment rights. Plaintiff has named Warden A.S. DiGiacinto; director of treatment, James Onembo; shift supervisor, Mark Seymore; and correctional officer, Ralph Fennell as defendants in this action. Defendants have moved for summary judgment. Plaintiff has responded to this motion in the form of a request to stay the proceedings until he has completed discovery and the Court enters a ruling on his motion to appoint counsel.

Plaintiff's request for appointment of counsel was denied by order dated August

20, 1984, at which time he was given until September 25, 1984, to supplement his response to the summary judgment motion. Plaintiff did not supplement his response to the summary judgment motion but rather filed several motions to compel discovery. The Court will address plaintiff's discovery motions.

■ Plaintiff has filed motions to compel answers to interrogatories and production of documents as well as a motion to compel responses to plaintiff's second request for production of documents. Defendants have filed a responsive brief to each of the foregoing motions. After a careful review of the motions, responses, the discovery requests themselves, and the answers provided thereto, the Court sees no alternative but to deny plaintiff's motions. The Court finds defendants' objections to the relevancy of several requests made by plaintiff to be proper. The information sought by plaintiff in those requests is totally irrelevant to the issues at hand and would not lead to the discovery of admissible evidence. Therefore, the Court will deny plaintiff's motions to compel discovery.

In deciding a motion for summary judgment the Court must determine whether the moving party has carried its burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402 (3d Cir.1981). All evidentiary materials of record must be read in a light most favorable to the nonmoving party. *Small v. Seldows Stationary*, 617 F.2d 992 (3d Cir.1980). The responding party to a motion for summary judgment may not rest upon the allegations of his/her pleading but must present by affidavit or otherwise specific facts sufficient to create a genuine issue of material fact. *Sunshine Books, Ltd. v. Temple University*, 697 F.2d 90 (3d Cir.1982); Federal Rules of Civil Procedure 56(e). In the present case defendants filed numerous affidavits in support of their motion for summary judgment, while plaintiff, on the other hand, failed to respond in substance to said motion, let alone file counter affidavits. Plaintiff has been given ample time and opportunity, via the Court's order dated August 20, 1984, to file a supplemental response to the summary judgment motion but has failed to seize the opportunity. After reviewing all pleadings, information revealed through discovery, and finally defendants' motion for summary judgment and supporting affidavits, the Court concludes that plaintiff is unable to present, via affidavit or otherwise, specific facts sufficient to create a genuine issue of material fact. The Court, therefore, has no choice but to accept defendants' uncontradicted version of the incident as true. Despite this conclusion, the Court will address plaintiff's allegations of deprivation of his constitutional rights in violation of § 1983 of the Civil Rights Act.

■ The initial inquiry in a § 1983 action is two-fold: "... 1) whether the conduct complained of was committed by a person acting under color of state law; and 2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Prison officials acting in their official capacity are acting under color of state law. Therefore, the first prong of plaintiff's § 1983 action is satisfied.

■ Plaintiff contends that the procedures followed in the January 19, 1984, disciplinary hearing violated his right to due process. The Fourteenth Amendment provides that no state shall deprive any person of life, liberty or property without due process of law. Plaintiff has the burden of establishing several elements in order to make out a valid due process claim. Plaintiff must show the existence of a protected life, liberty, or property interest, the deprivation of that protected interest and the state action which brought about the deprivation of that interest. *Parratt v. Taylor, supra.*

■ In the case at bar, plaintiff has established through his complaint a protected liberty interest. Under the Pennsylvania

Code[1] plaintiff has a protected liberty interest in remaining in the general prison population. *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Plaintiff was deprived of that right for fifteen days while in administrative segregation.

The element of illegal state action is missing in this case. The United States Supreme Court has stated that:

> an inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation ... So long as this occurs and the decision maker reviews the charges and the available evidence against the prisoner the Due Process Clause is satisfied.

*Hewitt v. Helms, supra,* at 476, 103 S.Ct. at 874, 74 L.Ed.2d at 691. See also *Wolfe v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ Plaintiff has not established that the deprivation of that protected liberty interest occurred in violation of plaintiff's right to due process. Quite to the contrary, the facts in this case clearly show that:

(1) plaintiff had advance notice of the disciplinary hearing and chose to proceed immediately;

(2) plaintiff received a written copy of the charges brought against him prior to the commencement of the hearing;

(3) plaintiff was permitted to present his version of the incident;

(4) plaintiff was permitted to cross examine the charging officer; and

(5) finally plaintiff was not permitted to call as witnesses two fellow inmates, after he admitted that they had not witnessed the incident and would not present any relevant testimony.[2]

Therefore, viewed in its entirety the actions taken by the disciplinary board were proper and in accord with the precepts of *Hewitt* and *Wolfe.*

■ Plaintiff includes Warden DiGiacinto as a direct participant in his allegations of deprivation of his constitutional rights. Plaintiff also states in his complaint, which was dated January 25, 1984, that he spoke with the Warden regarding these violations. (See p. 3 Para. II of Complaint). However, Warden DiGiacinto's uncontradicted affidavit states that he was not even within the State of Pennsylvania from January 17, 1984, to February 7, 1984. (Ex. G). Therefore, the Court finds it an impossibility that defendant DiGiacinto had any personal involvement in the January 19, 1984, disciplinary hearing or the administrative segregation conditions about which plaintiff complains. The Court also notes that a complaint naming a supervisor as a defendant and which is based solely on the theory of respondeat superior or vicarious liability will be dismissed. *Egan v. Concini,* 585 F.Supp. 801 (M.D.Pa.1984). "In order to survive scrutiny, the complaint must state that the defendant actually participated in or approved of the alleged illegal conduct". *Id.* at 804. It is clear that plaintiff has failed to meet the requirements set forth above and therefore the Court will enter judgment in favor of defendant DiGiacinto. We will now turn to plaintiff's remaining allegations of deprivation of his constitutional rights.

■ Plaintiff contends that conditions of administrative segregation were violative of his constitutional rights. First, plaintiff claims a denial of his visitation rights and alleges his food was brought uncovered to his cell. This Court finds that plaintiff's allegations do not rise to the level of constitutional violations. Plaintiff does not have a protected interest in having his meals covered. "The constitution does not require that sentenced prisoners be provided with every amenity which one might find desirable". *Wolfish v. Levi,* 573 F.2d 118, 125 (2d Cir.1978), rev'ed on other grounds sub nom. See also *Cooper v. Com. of Pa. et al,* (slip op. 84–4032,

---

1. Title 37 Pa.Code § 95.104(b)(1), (b)(3)(1978).

2. *Ponte et al. v. Real,* 471 U.S. ——, 105 S.Ct. 2192, 85 L.Ed.2d 553.

E.D.Pa. November 30, 1984). With regard to visitation, such matters are subject to the discretion of prison officials and denial thereof does not involve a constitutional violation. *Wallace v. Hutto*, 80 F.R.D. 739 (D.C.1978).

■ Plaintiff also alleges interference with legal process and lack of medical care which, if true, could rise to the level of constitutional violations. Plaintiff alleges denial by defendants of access to the courts, as well as the law library. These allegations were refuted by the affidavits of defendants Seymore and Onembo and Roseanne Joseph, Esq., plaintiff's legal counsel (Ex. E). But more importantly, the falsity of these allegations is apparent simply by reviewing plaintiff's complaint which is dated January 25, 1984, during plaintiff's administrative segregation. This fact alone provides sufficient basis for the Court to find plaintiff's allegations to be untrue. Furthermore, Attorney Joseph states in her affidavit that she was not denied access to her client during his confinement in administrative segregation. (Ex. E).

■ Plaintiff's claim that he was denied periodic medical checkups, without more, does not rise to the level of a constitutional violation "In order to state a cognizable claim a prisoner must allege facts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs". *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). It is clear that plaintiff's complaint does not set forth a claim under § 1983 with respect to denial of medical care.

■ Finally, plaintiff's assertions of threats by defendants to place him in "cell 17" without more, do not set forth a cause of action pursuant to § 1983.

In light of the foregoing the Court finds that plaintiff has failed to assert a cause of action under Section 1983 and will, therefore, enter judgment in favor of defendants and against plaintiff.